**Jesse I. and Jamie November LASKY, h/w et al.**

v.

**CONTINENTAL PRODUCTS CORPORATION, et al.**

Civ. A. No. 82–3415.

United States District Court, E.D. Pennsylvania.

July 20, 1983.

William Zurzolo, Philadelphia, Pa., for plaintiffs.

George J. Lavin, Jr., Philadelphia, Pa., for Nissan.

Neil Jokelson, Philadelphia, Pa., for Continental.

## MEMORANDUM

NEWCOMER, District Judge.

Before the Court is the motion of the defendant Continental Gummi-Werke, Aktiengesellschaft ("CGW") for a protective order. This motion will be denied.

CGW seeks an order requiring that all discovery which the plaintiffs seek to take from CGW shall be done in accordance with the provisions of the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, *done* 18 March, 1970, 23 U.S.T. § 2555, T.I.A.S. No. 7444, 28 U.S.C. § 1781 ("Hague Convention").

CGW is a corporation, organized under the laws of the Federal Republic of Germany, which manufactures tires. The plaintiffs in this products liability action are seeking to recover damages from CGW for injuries sustained in an accident that was allegedly caused by defective tires manufactured and sold by CGW. The plaintiffs have served interrogatories and a request for a production of documents on CGW. None of these requests conform to the formal requirements of the Hague Convention.

CGW argues that because it is a foreign national not located within the territory of the United States, it is not subject to the Federal Rules of Civil Procedure governing discovery, but, rather, is subject only to the provisions of the Hague Convention. The basis for this argument is that as a treaty of the United States the Hague Convention supercedes any inconsistent provisions of the Federal Rules of Civil Procedure. While this general proposition is undoubtedly correct, the Federal Rules concerning discovery are not inconsistent with the Hague Convention.

■ The Hague Convention provides standard methods for obtaining evidence located within a foreign state without encroaching upon the sovereignty of that state. Its language is, however, permissive, and not mandatory. Article 27 of the Convention specifically states that the Convention "shall not prevent a Contracting State from—.... permitting by internal law or practice, methods of taking evidence other than those provided for in this Convention." I do not find, therefore, that the Hague Convention has in any way superceded the discovery provisions of the Federal Rules of Civil Procedure. The existence of federal jurisdiction over a foreign entity subjects that entity, like any other litigant, to the provisions of the Federal Rules of Civil Procedure.[1]

■ This does not mean, however, that there are no restrictions on the conduct of discovery in cases involving foreign entities. Principles of international comity require this Court to exercise restraint in using its powers to compel parties to take actions which may be in violation of the laws of a foreign state, or which may impinge upon the sovereignty of a foreign state. *See Societe Internationale pour Participations Industrielles et Comercielles, S.A. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); *In re: Westinghouse Electric Corp. Uranium Contracts Litigation,* 563 F.2d 992 (10th Cir.1977); *Arthur Andersen & Co. v. Finesilver,* 546 F.2d 338 (10th Cir.1976). Specifically, these cases have held that while a court may have the power to order actions which are in violation of the laws of a foreign sovereign, the court must weigh considerations of international comity in de-

---

**1.** CGW cites *Pain v. United Technology Corp.,* 637 F.2d 775 (D.C.Cir.1980) for the proposition that document requests and interrogatories must be served on foreign nationals pursuant to the provisions of the Hague Convention. In *Pain,* the Court of Appeals upheld the dismissal of an action on the grounds of *forum non conveniens.* Part of the Court's rationale was that much of the evidence relevant to the case was located in Norway and would not be readily available to the litigants because the provisions of the Hague Convention are more restrictive than the standard discovery techniques provided by the Federal Rules of Civil Procedure. The evidence it referred to was not, however, in the possession of a party to the action. I am unconvinced, therefore, that *Pain* should be read as a limitation on the application of the general discovery provisions to a foreign litigant.

termining what sanctions, if any, to impose for a failure to comply with the court's order.

In the case at bar, it is not clear that compliance with the plaintiffs' discovery request will require a violation of German law or impinge upon the sovereignty of the Federal Republic of Germany. Consequently, it is inappropriate at this time to preclude the plaintiffs from conducting any discovery except that obtainable through the procedures provided in the Hague Convention.

This conclusion is reinforced by the fact that the Federal Republic of Germany has stated in its declaration ratifying the Hague Convention that it will not execute letters of request for the purpose of obtaining pretrial discovery of documents. Since letters of request are the only method of compelling the production of evidence under the Hague Convention, imposing the blanket restriction sought by CGW would severely restrict the plaintiffs' scope of discovery.