William J. MURPHY, Jr. Administrator
of the Estate of William J.
Murphy, III

v.

REIFENHAUSER KG MASCHINENFA-
BRIK and Rextrusion Systems, Inc.

REXTRUSION SYSTEMS, INC.

v.

REIFENHAUSER KG
MASCHINENFABRIK.

REXTRUSION SYSTEMS, INC.

v.

RELIANCE ELECTRIC COMPANY.

Civ. A. No. 81–368.

United States District Court,
D. Vermont.

April 4, 1984.

Robert G. Cain, Paul, Frank & Collins, Burlington, Vt., for plaintiff.

Robert D. Rachlin, Downs, Rachlin & Martin, So. Burlington, Vt., and Mitchell A. Orpett, Haskell & Perrin, Chicago, Ill., for defendant Reifenhauser KG Maschinenfabrik.

John Faignant, Miller, Norton & Cleary, Rutland, Vt., for defendant Rextrusion Systems, Inc.

Richard W. Affolter, Pierson, Affolter & Wadhams, Burlington, Vt., for third-party defendant Reliance Elec. Co.

OPINION AND ORDER

COFFRIN, Chief Judge.

Defendant has objected to the magistrate's report and recommendation that defendant be compelled to answer interrogatories and requests to produce propounded by the plaintiff and that defendant's motion for a protective order be denied. Defendant is a West German corporation that manufactured a machine in which plaintiff's son was killed. This action, brought by plaintiff as the administrator of his son's estate, is approaching the beginning of its third year of discovery. The question posed is whether the plaintiff must now comply with provisions of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Cases, *done* March 18, 1970 [1972] 23 U.S.T. 2555, T.I.A.S. No.

7444, *codified at* 28 U.S.C. § 1781 note (hereinafter "Convention"), in order to pursue further discovery. Defendant has already answered two sets of interrogatories without raising the Hague Convention issue. The magistrate concluded that absent an allegation that West German law would be offended, ordinary discovery procedures against defendant are entirely appropriate. We adopt the magistrate's recommendation with the following explanation.

The Convention was initially adopted in October, 1968 to provide a uniform system of discovery in foreign jurisdictions.[1] The Convention procedure for discovery in this case would be sending a "letter of request" to a designated judicial authority in Germany which would then execute the request with the aid of its particular compulsory measures if necessary. Article 9 of the Convention states that such requests "shall be executed expeditiously."

Unfortunately, however, the Convention procedure does not appear to be trouble-free. Perhaps its most glaring fault in this case is that Germany has exercised its right not to execute letters of request "issued for the purpose of obtaining pre-trial discovery of documents as known in Common law countries." *See* Convention, Article 23 and ·n. 2b (referring to Germany's declaration of reservations). The other major problem is the considerable time and expense involved. At least one previous letter of request executed in Germany required many months of effort involving translation of materials, transmittal through local counsel, review by the Ger-

man Ministry of Justice and then by German courts, and other procedural maneuvering. *See* Platto, *Taking Evidence Abroad for Use in Civil Cases in the United States—A Practical Guide,* 16 International Law Journal 575 (1982); *see also Pain v. United Technologies Corp.,* 637 F.2d 775, 788–89 (D.C.Cir.1980) (listing potential difficulties with Convention procedure as one basis for dismissing an action under the doctrine of forum non convenience). It is therefore not surprising that plaintiff seeks to use the relatively simple procedure of propounding interrogatories and requests to produce under Fed.R.Civ.P. 33 and 34. It also appears to the court that unless the law *requires* use of Convention procedure in this case, ordinary discovery should proceed.

Curiously, the court's research shows this case to be of nearly first impression. The only federal court to have addressed the issue directly is the Eastern District of Pennsylvania, which concluded that the party seeking discovery was not bound to follow the Convention. *Lasky v. Continental Products Corporation,* 569 F.Supp. 1227 (E.D.Pa.1983). That court reasoned in a fashion much like the magistrate, beginning with the observation that the Convention is not necessarily inconsistent with the federal rules of civil procedure. The court further reasoned that because the language of the Convention is permissive rather than mandatory,[2] and because foreign parties are equally subject to the federal rules of civil procedure as domestic parties so long as personal jurisdiction is gained,

---

**1.** The United States ratified the treaty in 1972. West Germany's participation did not take effect until June, 1979.

**2.** The court in *Lasky* cited Article 27 of the Convention in support of its conclusion that the Convention is permissive. Article 27 states that the Convention "shall not prevent a contracting state from—... permitting, by internal law or practices, methods of taking evidence other than those provided for in this Convention." We find that language somewhat ambiguous and not necessarily a license to *compel* alternative modes of discovery. Even if the Convention was purportedly binding, however, we find it binding in effect only where the balancing of interests required by comity dictates it to be.

As is discussed later in the text and footnote three, the federal rules and a federal treaty are essentially on equal footing. In many circumstances, conflict of such laws may be resolved by applying a last-in-time rule causing the most recent law to supercede. *Vorhees v. Fischer & Kleche,* 697 F.2d 574 (4th Cir.1983); *United States ex rel. Martinez-Angosto v. Mason,* 232 F.Supp. 102 (S.D.N.Y.1964). In this instance, however, where Convention ratification occurred after adoption of the relevant rules but before 1980 and 1983 amendments to those rules, none of which mentioned the Convention, we decline to make such an apparently arbitrary ruling.

the Convention might be strictly observed only if compliance with plaintiff's discovery would violate foreign law or otherwise impinge on foreign sovereignty. 569 F.Supp. at 1228–29. In that case, which also involved interrogatories and requests to produce directed to a West German corporation, the court declined to restrict discovery to Convention procedures because it was not clear that either German law or sovereignty were threatened. *Id.*

The only other precedent is a series of California state courts of appeals decisions which also happen to have involved German corporations. *Pierburg GmbH & Co. KG v. Superior Court,* 137 Cal.App.3d 238, 186 Cal.Rptr. 876 (1982); *Volkswagenwerk Aktiengesellschaft v. Superior Court,* 123 Cal.App.3d 840, 176 Cal.Rptr. 874 (1981) ("VWAG II"); *Volkswagenwerk Aktiengesellschaft v. Superior Court,* 33 Cal. App.3d 503, 109 Cal.Rptr. 219 (1973). In the earliest decision, the court held that on any one of three theories—"comity, curtailed discretion, or implied statutory qualification"—California courts were required to follow the Convention unless and until it developed that the foreign party was attempting to evade legitimate discovery after the Convention procedure had been attempted. In the second case, the court somewhat modified the earlier rule by emphasizing that having chosen to take advantage of California commerce so as to submit to California jurisdiction, it was hardly unjust that the foreign corporation be required to conform to the state's discovery procedures. *See also United States v. First National City Bank,* 396 F.2d 897, 900–01 (2d Cir.1968) (federal court has power to require production of documents in foreign country if court has *in personam* jurisdiction of the person in control of the material).

On the other hand, the court continued to stress the

> ... countervailing force of international comity. The concept that the courts of one sovereign state should not, as a matter of sound international relations, require acts or forbearances within the territory, and inconsistent with the internal laws of another sovereign state unless a careful weighing of competing interests and alternative means makes clear that the order is justified.

176 Cal.Rptr. at 884.

The court concluded that in the interests of comity, trial courts should decline to proceed other than under the Convention until such procedure resulted in an impasse. The court in that case had the benefit of substantial evidence regarding the German civil law system and it observed that unlike our discovery system, Germany "... takes the position that, in general, gathering of evidence within the state is exclusively the function of the state's courts and that any encroachment on this function by the courts or citizens of any foreign state may be regarded as a violation of West Germany's judicial sovereignty."

In *Pierburg,* the most recent California case, the court again required the party seeking discovery to attempt to comply with the Convention. The court summarized the earlier cases and addressed several new arguments. On the principal issue before it, the court held that a foreign party's former willingness to proceed outside the Convention could not operate as a waiver of the Convention because the rights at stake were the foreign sovereign's rather than the party's. 186 Cal. Rptr. at 881. The court also rejected the argument that absent an express objection from Germany itself, there was no risk of international affront. The court's response was that Germany's silence was insufficient because it had no obligation to speak until a letter of request was filed. *Id.* Finally, the court rejected the claim that requiring compliance with the convention would deny the domestic party equal protection of the law because of the relative ease with which the foreign party could obtain discovery. It noted that the foreign party would be equally bound to follow the Convention if it sought discovery from another foreign party, and that disparate costs of discovery as between opposing par-

ties are inherent throughout the federal rules, if only as a function of the variables of location. 186 Cal.Rptr. at 882. In short, the court found that the alleged discrimination was either insignificant or supported by a sufficient rational basis.

■ In summary, it appears that although the courts that have considered the issue have come to different conclusions as to the ultimate effect of the Convention, they argue that compliance is not mandatory but rather a matter of comity. The cases may be further reconciled by the possibility that the California courts felt more obliged to yield to the supremacy of a federal treaty over state laws, *see Pierburg,* 186 Cal.Rptr. at 882, whereas the *Lasky* court was confronted as we are with the federal rules and a federal treaty on essentially equal footing.[3] Moreover, the scope of the discovery sought in the California cases was significantly more broad and thus a greater potential intrusion upon German sovereignty. In *Pierburg* and *VWAG II,* the requesting party sought on-site inspections, photography, depositions, informal interviews and access to the defendant's technical library. In *Lasky,* as here, plaintiff's seek only written answers to interrogatories and production of certain documents.

■ These distinctions are significant because comity is largely a function of relative interests as between overlapping jurisdictions.

> "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. But it is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws.

*Hilton v. Guyot,* 159 U.S. 113, 164–65, 16 S.Ct. 139, 143, 40 L.Ed. 95 (1895). We conclude that comity in this sense does not require plaintiff to proceed first under the Convention in this case, particularly at this relatively late stage of discovery, and particularly where it appears that a request for production of documents under the Convention would be futile. The United States has a clear interest in facilitating the manner in which foreign citizens doing business in the United States are available for litigation here. West Germany has a clear interest in protecting the integrity of its judicial rights and procedures, but we find that interest less compelling in this instance than, for example, where a non-party witness is sought for deposition or where the scope of discovery sought involves more intrusive methods. Finally, we emphasize that in the interests of the parties and sound judicial administration generally, we should not tolerate further unnecessary delay in discovery in this case. We need not attribute defendant's delay in raising this issue to bad faith in order to find that this case should not be further prolonged for many months in order to accommodate a somewhat hypothetical conflict between ordinary American discovery and German sovereignty.

### Conclusion

Accordingly, it is hereby ORDERED that plaintiff's motion to compel is granted and defendant's motion for a protective order is denied.

**3.** The federal rules of civil procedure have the force and effect of federal statutes. *United States for Use of Tanos v. St. Paul Mercury Insurance Co.,* 361 F.2d 838 (5th Cir.1966), *cert. denied,* 385 U.S. 971, 87 S.Ct. 510, 17 L.Ed.2d 435 (1966); *Association for Retarded Citizens of North Dakota v. Olson,* 561 F.Supp. 495 (D.N.D. 1982).