**TH. GOLDSCHMIDT A.G., Relator,**

v.

**The Hon. R.L. "Bob" SMITH, Respondent.**

**No. 01–84–0281–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 24, 1984.

Tom Bayko, Holtzman & Urquhart, Jack G. Carnegie, Holtzman & Urquhart, Houston, for relator.

Richard L. Josephson, Baker & Botts, Houston, for respondent.

Before DUGGAN, DOYLE and LEVY, JJ.

## OPINION

DUGGAN, Justice.

Original Proceeding on Writ of Mandamus

Relator, TH. Goldschmidt A.G., seeks a writ of mandamus from this court to compel the Honorable R.L. "Bob" Smith, Judge of the 165th District Court of Harris County, Texas, to vacate his discovery order for production of documents and taking of depositions. This court has jurisdiction to issue a writ of mandamus by virtue of the legislative amendments to Tex.Rev.Civ. Stat.Ann. art. 1824 (Vernon Supp.1984).

This proceeding arises from the case of *The Upjohn Company v. Goldschmidt Chemical Corporation, et al*, wherein plaintiff brought suit against relator, a West German corporation, alleging that chemicals purchased from relator's American subsidiary were defective. Relator filed a general denial and proceeded with pre-trial discovery. Upjohn filed a notice seeking to depose six German nationals in West Germany and a request for production of documents also located in that country. Relator timely filed a response, objecting to Upjohn's request for the reason that the proposed discovery was contrary to the Multilateral Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 28 U.S.C. sec. 1781 (Supp. 1983), 23 U.S.T. 2555, T.I.A.S. No. 7444, (hereinafter "the Hague Evidence Convention" or "the Convention"). Respondent ordered that the documents be produced and the depositions be taken in West Germany when scheduled by Upjohn, and relator contends that respondent's order is void for violating procedural requirements of the Hague Evidence Convention.

The Convention expressly enables ratifying states to make declarations and reservations in regard to its provisions. Hague Evidence Convention, art. 33–35. The Federal Republic of Germany (hereafter "West Germany") has, by reservation, forbidden diplomatic officers or consular agents from taking evidence from German nationals. Hague Evidence Convention, art. 15. West Germany has also declared that "it will not in its territory, execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries." Hague Evidence Convention, art. 23. Relator contends that the procedures specified by the Hague Evidence Convention are mandatory. Upjohn replies that the Hague Evidence Convention does not provide the exclusive means of conducting discovery.

■ It is clear that a state court order "must yield when it is inconsistent with or impairs the policy or provisions of a treaty or of an international compact or agreement ...." *United States v. Pink*, 315 U.S. 203, 231, 62 S.Ct. 552, 566, 86 L.Ed. 796 (1942). In *Philadelphia Gear Corp. v. American Pfauter Corp.*, 100 F.R.D. 58, 61 (E.D.Pa.1983), a West German corporation contended that the discovery sought by plaintiffs contravened the provisions of the Hague Evidence Convention. The plaintiffs replied that the provisions of the Convention were intended merely to supplement the less restrictive means provided by the Federal Rules of Civil Procedure. The court rejected the plaintiffs' contention and denied their motion to compel discovery. In support of its contention that the Convention's procedures are supplemental to local court procedures, Upjohn cites *Lasky v. Continental Products Corp.*, 569 F.Supp. 1227 (E.D.Pa.1983) an earlier decision by the court which decided *Philadelphia Gear, supra*. *Lasky* stated that it was not clear that compliance with the plaintiff's discovery request would violate German law or impinge upon German sovereignty. The instant discovery order, directing that depositions of German nationals be taken in West Germany, carries a greater potential for infringement on West German sovereignty than did the less intrusive order in *Lasky*, which allowed the service of interrogatories and a request for a production of documents. Additionally, the West German Embassy has directed a letter to this court in this matter stating that:

[T]he discovery order would be a violation of International law and of the sovereignty of ... Germany. It remains the formal position of ... Germany that evidence for use in civil lawsuits in the United States can be taken in ... Germany only in accordance with ... The Hague Evidence Convention.

■ In *Schroeder v. Lufthansa German Airlines*, 3 Av.L.Rep. (CCH) (18 Av.Cas.) para. 17, 222 (N.D.No.Ill. Sept. 15, 1983), the court held that the Hague Evidence Convention provides an obvious and preferable means of obtaining evidence, and recognized that traditional rules of international comity prohibit court orders that are inconsistent with another state's laws, unless a balancing of competing interests and alternatives justifies the order. We agree that, as a matter of comity, orders for discovery that conflict with West German reservations under the Convention (as the present order's provisions conflict with West Germany's reservations under Convention art. 23, *supra*) impinge upon the sovereignty of the Federal Republic of Germany and should not be issued in ordinary circumstances.

Upjohn also contends that relator waived any right it may have had to refrain from complying with Texas discovery rules by serving Upjohn with a request for production of documents in accordance with the Texas Rules of Civil Procedure. As support for this contention, Upjohn claims that by agreeing to produce employees for deposition without objecting to the manner of taking the deposition, relator waived any objections to the manner of taking the depositions, citing *Murphy v. Reifenhauser KG Machinenfabrik & Rextrusion Systems, Inc.*, 101 F.R.D. 360 (N.D.Vt., 1984), where the court required discovery under the Federal Rules of Civil Procedure rather than through the Hague Evidence Convention. However, *Murphy* is distinguishable from the present case in that the defendant there had already answered two sets of interrogatories before raising the Hague Convention issue. Additionally, because discovery was in a late stage, it appeared that a request for documents under the Convention would be futile. Under those distinguishable facts the *Murphy* court concluded that comity did not require plaintiff to proceed under the Convention.

■ Compliance with the Convention as a matter of comity is one nation's recognition and regard for another nation's executive, legislative, and judicial acts. *Id.; see also Volkswagenwerk Aktiengesellschaft v. Superior Court*, 123 Cal.App.3d 840, 176 Cal.Rptr. 874 (1981). In the present matter, we note that the West German government considers the gathering of evidence within its boundaries to be an exclusive function of that country's judicial system, and views actions in disregard of that procedure to be violations of West German sovereignty. *See Pierburg Gmbh & Co. v. Superior Court*, 137 Cal.App.3d 238, 186 Cal.Rptr. 876 (1982). Accordingly, the trial court should proceed under the Convention until a weighing of interests makes it clear that an order authorizing actions outside the Convention is necessary to prevent an impasse. *See Volkswagenwerk AG, supra*. In the present case, as distinguished from *Murphy, supra*, the defendant has not previously complied with discovery requests, and discovery is in its early stages. There is no indication that proceedings consistent with the Convention would be futile. We therefore find Upjohn's contention that relator has waived compliance with the Convention to be without merit.

We decline to hold that the Hague Evidence Convention's procedures are mandatory; however, we do hold that comity and the proper exercise of judicial restraint require that the Convention be complied with as Upjohn's "avenue of first resort." *See Philadelphia Gear Corp.*, 100 F.R.D. at 61.

In reaching our conclusion, we note that Tex.R.Civ.P. 188, Taking Depositions in Foreign Jurisdictions (Vernon Supp.1984), effective April 1, 1984, states that such depositions may be taken only according to specified procedures, including the requirement that the taking of such depositions be

pursuant to "the means and terms of any applicable treaty or convention."

Accordingly, relator's petition for writ of mandamus is conditionally granted to compel Judge Smith to vacate his discovery order. The writ of mandamus will issue only if Judge Smith does not vacate that order.