**Wilbur R. McLAUGHLIN and Betty McLaughlin, husband and wife,**

v.

**The FELLOWS GEAR SHAPER COMPANY and Hermann Pfauter GmbH Co.**

**Civ. A. No. 83–3513.**

United States District Court,
E.D. Pennsylvania.

Sept. 24, 1984.

Joseph Lurie, Philadelphia, Pa., for plaintiffs.

Perry S. Bechtle, LaBrum & Doak, Philadelphia, Pa., for Fellows Gear Shaper Co.

Norbert Bergholtz, Robert Limbacher, Philadelphia, Pa., for Pfauter.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

Plaintiffs are suing two defendants, the Fellows Gear Shaper Company and Her-

mann Pfauter GmbH Co. for damages for personal injuries sustained in an industrial accident. Allegedly, the Fellows firm supplied, and the Pfauter firm manufactured, the equipment on which husband-plaintiff was injured. The Pfauter firm is a foreign corporation, headquartered in West Germany. There is personal jurisdiction over the firm in this court, and the firm has entered an appearance, filed an answer, and actively pursued discovery.

Plaintiffs have served upon counsel for Pfauter two sets of interrogatories and a request for production of documents. Pfauter refuses to supply any discovery, asserting as a blanket objection plaintiffs' failure to proceed in accordance with the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555 (hereinafter, the "Evidence Convention"). Defendant finds support for its position in the decision by Judge Ditter of this court in *Philadelphia Gear Corp. v. American Pfauter Corp.*, 100 F.R.D. 58 (E.D.Pa.1984) and the cases and authorities cited therein. Plaintiffs, on the other hand, rely upon the decision of Judge Newcomer of this court, in *Lasky v. Continental Products*, 569 F.Supp. 1227 (E.D.Pa.1983), reaching the opposite conclusion. I find myself in partial agreement, and in partial disagreement, with each of my colleagues.

■ As its name implies, the Evidence Convention governs the *taking of evidence abroad*. It is designed to facilitate the process of obtaining evidence in foreign countries without doing violence to the rights of foreign nationals in their own countries, or to each country's notions of its own sovereignty. *See* Amram, Note: United States Ratification of the Hague Convention on the Taking of Evidence Abroad, 67 Am.J.Int'l Law 104 (1973). In many foreign countries, particularly those whose jurisprudence is rooted in the civil law, pre-trial discovery is a strange concept, and all forms of evidence-gathering are the prerogative of the judiciary, not of private parties. The Evidence Convention precisely limits the methods available for obtaining evidence in foreign countries, so

as to ensure that procedures acceptable to each country are followed, and the rights of its nationals respected. But the focus of the Convention is upon the procedures being carried out in the foreign country. In determining the applicability of the Evidence Convention, therefore, it is necessary to consider first, whether what is called for is "evidence", and second, just where the activity is to occur.

■ The Evidence Convention clearly applies to depositions or other interrogation of persons in the foreign country, and to the compulsory production of documents or other evidence by persons or entities in the foreign country who are not parties to the litigation. Arguably at least, the Evidence Convention has no application at all to the production, in this country, by a party within the jurisdiction of this court, of evidence pursuant to the Federal Rules of Civil Procedure.

■ Two other points should be made. Our liberal discovery rules cause the production of evidence in some circumstances, but also can call merely for the production of information. In the present case, for example, plaintiffs' second set of interrogatories seek the identity and qualifications of expert witnesses the defendant intends to have testify at trial. It is almost ludicrous to suggest that supplying this information amounts to obtaining evidence in West Germany.

The second point to be observed is that, while the Evidence Convention quite properly governs the gathering of evidence in West Germany, it does not govern the conduct of a trial in this court. At a minimum, therefore, it would seem that the defendant can be precluded from presenting at trial any evidence not adequately disclosed before trial, and any witness opposing counsel has not had a reasonable opportunity to depose.

I have concluded that the defendant should be required to respond fully to plaintiffs' second set of interrogatories. I decline at this time to require compliance with plaintiffs' first set of interrogatories

and request for production of documents, for two reasons. In the first place, the interrogatories are, in their present form and number, entirely too burdensome and all-inclusive. Plaintiffs have served no less than 112 boilerplate interrogatories, with additional hundreds of subparts, very few of which seem relevant to this litigation, or designed to produce useful information. In the second place, some of the interrogatories, and some of the requests for production of documents, because of their sweeping character, may very well require, of persons located in West Germany, efforts which would be substantially equivalent to producing evidence in that country.

Plaintiff is at liberty to frame more narrowly drawn, specific, discovery requests. And the defendant will be expected to comply with such requests unless it can establish that what is sought is evidence, that it is located in West Germany, that its production would amount to the production of evidence in that country, and that it will not be offered in evidence or relied upon by the defendant in the course of the trial. If such a showing is made, the court will then be in a position to decide definitively whether or not the Evidence Convention is applicable.