Ernest H. SLAUENWHITE,

v.

BEKUM MASCHINENFABRIKEN, GMBH, C. Tennant Sons & Co., Bekum Plastics Machinery, Inc.

Civ. A. No. 79–1774–Mc.

United States District Court, D. Massachusetts.

March 4, 1985.

Leo V. Boyle, John Corrigan Jr., Parker, Coulter, Daley & White, Boston, Mass., Nicholas J. Decoulos, Peabody, Mass., for plaintiff.

Donald B. Gould, Thomas J. Griffin Jr., Goodwin, Procter & Hoar, Boston, Mass., for defendants.

Whitman & Ransom, New York City, John R. Duxbury, Boston, Mass., for Bekum Plastics Machinery.

Thomas D. Burns, Burns & Levinson, Boston, Mass., for Bekum Maschinenfabriken.

ORDER ON MOTION OF DEFENDANT BEKUM MASCHINENFABRIKEN FOR PROTECTIVE ORDER, ETC. (# 196)

ROBERT B. COLLINGS, United States Magistrate.

Defendant Bekum Maschinenfabriken, GMBH, a West German corporation over whom the Court has personal jurisdiction, has moved for a protective order which would require the plaintiff to take its deposition, noticed pursuant to Rule 30(b)(6), F.R.Civ.P., in West Germany in accordance with the procedures set out in the Hague Convention on the Taking Of Evidence Abroad in Civil and Commercial Matters. The plaintiff has noticed the deposition for its counsel's office in Boston.

The notice was filed on January 25, 1985 noticing the deposition for February 15, 1985. The motion for a protective order was filed on February 4, 1985 and referred to the undersigned on February 8, 1985. A hearing was held on February 14, 1985. The case has been scheduled for trial in

March, 1985, and will commence either on March 11 or March 18, 1985. The District Judge has denied the plaintiff's motion for continuance. There is no question but that the plaintiff will not be able to take this discovery before trial if he is required to employ the procedures of the Hague Convention.

The issue of whether or not a plaintiff in such circumstances must employ the procedures of the Convention has caused a split of authority in the Federal cases. Two 1983 cases, i.e. *Philadelphia Gear Corp. v. American Pfauther Corp.,* 100 F.R.D. 58 (E.D.Pa.,1983) and *Schroeder v. Lufthansa German Airlines,* 18 Av. Cases 17,222 (CCH) (N.D.Ill.,1983), have held that a party seeking discovery from a West German corporation must, at least initially, seek discovery through channels provided by the Hague Convention.

However, more recent cases have followed the decision of the U.S. District Court in another case decided in 1983, i.e. *Lasky v. Continental Products Corp.,* 569 F.Supp. 1227 (E.D.Pa.,1983), in which the Court wrote:

> I do not find, therefore, that the Hague Convention has in any way superceded the discovery provisions of the Federal Rules of Civil Procedure. The existence of federal jurisdiction over a foreign entity subjects that entity, like any other litigant, to the provisions of the Federal Rules of Civil Procedure.

*Id.* at 1228 (footnote omitted).

The Court in *Lasky* did caution that:

> Principles of international comity require this Court to exercise restraint in using its powers to compel parties to take actions which may be in violation of the laws of a foreign state, or which may impinge on the sovereignty of a foreign state. (citations omitted) ... [W]hile a Court may have the power to order actions which are in violation of the laws of a foreign sovereign, the Court must weigh considerations of international comity in determining what sanctions, if

any, to impose for a failure to comply with the court's order.

*Id.* at 1228–9.

Finding that there was no showing that compliance with the discovery requests (in that case, interrogatories and requests for document production) "... will require a violation of German law or impinge on the sovereignty of the Federal Republic of Germany", *Id.* at 1129, the Court denied the defendant's motion for protective order.

In the case of *Murphy v. Reifenhauser KG Maschinenfabrik, et al.,* 101 F.R.D. 360 (D.Vt., 1984), the Court followed the *Lasky* precedent, finding that "comity" did not require the plaintiff to use the methods set down in the Convention for the purpose of obtaining answers to interrogatories and requested documents. The Court then wrote:

> The United States has a clear interest in facilitating the manner in which foreign citizens doing business in the United States are available for litigation here. West Germany has a clear interest in protecting the integrity of its judicial rights and procedures, but we find that interest less compelling in this instance, than, for example, where a non-party witness is sought for deposition or where the scope of discovery sought involves more obtrusive methods. Finally, we emphasize that in the interests of the parties and sound judicial administration generally, we should not tolerate further delay in discovery in this case. We need not attribute defendant's delay in raising this issue to bad faith in order to find that this case should not be further prolonged for many months in order to accomodate a somewhat hypothetical conflict between ordinary American discovery and German sovereignty.

*Id.* at 363.

The same view was stated in the case of *Graco v. Kremlin, Inc.,* 101 F.R.D. 503 (N.D.Ill.,1984). In that case, the Court explicitly followed *Lasky* and held that the "... Convention does not preclude the court from compelling SKM to answer Gra-

co's written interrogatories and to comply with its document requests." *Id.* at 517.

The Court in *Graco* wrote that:

It is fair to assume that the availability of the Convention procedures was intended to discourage, and possibly to pre-empt, the taking of evidence within a signatory state's borders without securing local judicial approval or cooperation, whether the evidence is to be taken from a party or non-party witness.

*Id.* at 520.

But the Court further wrote:

Whether the Convention was intended to limit intrusive unauthorized discovery proceedings by prohibiting them, or merely by offering an attractive alternative, the Court cannot agree that the Convention was intended to protect foreign parties, over whom an American court properly has jurisdiction, from the normal range of pre-trial discovery under the Federal Rules of Civil Procedure. Nor does the Court agree that the Convention requires deference to a country's judicial sovereignty over documents, people, and information—if this really is how judicial sovereignty is to be understood—when they are to be produced in this country.

\* \* \* \* \* \*

In this Court's view, the critical question is where the evidence-taking proceeding is to be conducted.

*Id.* at 521.

The same conclusion was reached by Magistrate Dolinger in a comprehensive opinion in the case of *International Society For Krishna Consciousness, Inc. v. Lee* which is reported at 18 Av.Cas. 18,317 (CCH) (E.D.N.Y.,1984). The Magistrate wrote:

The Hague Convention does not affect discovery of information in the United States. With respect to information available only from foreign countries, its application is discretionary with the Court, and in the circumstances of this case resort to the Convention for docu-

ment and interrogatory discovery should not be required.

*Id.* at 18,317–8.

■ I agree with the holdings of the *Lasky, Murphy, Graco,* and *International Society* cases. Although these cases deal only with discovery by means of interrogatories and document requests, the reasoning of the cases is fully applicable to depositions of foreign corporations pursuant to Rule 30(b)(6), F.R.Civ.P.

I find support for this conclusion in the decision of the U.S. District Court for the Southern District of New York in the case of *Adidas (Canada) Limited v. SS Seatrain Bennington, etc., et al.,* Nos. 80 Civ 1911 & 82 Civ 0375 (PNL), (S.D.N.Y., slip opinion 5/30/84). In that case, a French corporation, which was a party, sought a protective order prohibiting the taking of its depositions and a production of documents at an attorney's office in New York City. The Court wrote:

The discovery here sought does not involve any ... intrusion on French sovereignty or judicial custom. No adverse party will enter on French soil to gather evidence (or otherwise). No oath need be administered on French soil or by a French judicial authority.

*Id.*

The Court then went on to state that "... the treaty was intended to provide mechanisms for the taking of discovery in civil law countries in a manner that would not affront the sovereignty of those nations." *Id.* It does not, in and of itself, affect the taking of discovery in the United States. That is not to say that there could not arise an extraordinary set of facts which would prompt a Court to require that the procedures of the Convention be followed, even as to the production of evidence in the United States by a foreign corporation or national over whom there is jurisdiction. But there are no extraordinary facts in the instant case.

■ In sum, the treaty does not prohibit the taking of discovery in this country from foreign corporations over whom the

Court has personal jurisdiction. Nor does it require an initial resort to the procedures of the Convention. This is perhaps no more than a corollary to the proposition that when a corporation "purposely avails itself of the privilege of conducting activities with the forum State," it has clear notice that it is subject to suit there. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958) quoted in *World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Providing discovery is one of the aspects of being "subject to suit" in this country.

To the extent that the Court is asked to allow the protective order as a matter of discretion, the Court declines the request. Requiring resort to the procedures of the Convention at this time would be tantamount to an order denying the plaintiff the discovery he seeks. In addition, I note that the defendant has already voluntarily produced a witness from West Germany in the United States pursuant to a deposition notice to testify on jurisdictional issues. No issue was raised at that time as to requiring the plaintiff to employ the procedures of the Convention in obtaining that evidence. While this may not be a waiver of any right West Germany might arguably possess to have the procedures of the Convention followed with respect to the discovery which the plaintiff seeks to take in this country, it may very well be a waiver of the defendant's right to raise the issue for its own protection as opposed to the protection of its sovereign. I note that the West German Government has not sought to intervene in this case in order to argue that the Convention should be applied to the discovery which the plaintiff seeks to take in this country.

For all of the above-reasons, it is ORDERED that the motion for a protective order (# 196) be, and the same hereby is, DENIED as to the grounds asserted in ¶¶ (1), (2), (3) and (4) on page 4 of the motion. As to ¶ (5), the parties are to confer in an effort to reach agreement as to the precise subject matters which are to be subject to the deposition pursuant to Rule 30(b)(6), F.R.Civ.P. If agreement cannot be reached, the Court will hear further argument on *Tuesday, March 5, 1985 at 2:30 P.M.*