Ronald **HAYNES** and Keisha **Haynes**, Plaintiffs,

v.

**KLEINWEFERS** and **Lembo Corporation**, Defendants.

**LEMBO CORPORATION**, Third–Party Plaintiff,

v.

**KALEX CHEMICAL PRODUCTS, INC.,** Third–Party Defendant.

No. CV–87–2286 (ERK).

United States District Court, E.D. New York.

Feb. 25, 1988.

Michael Weinberger by Michael Weinberger and Roger Levy, New York City, for plaintiffs.

Kroll & Tract by Lawrence J. Klein and Bradford Cooke, New York City, for defendant Kleinewefers GmbH.

Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski by Howard T. Code, New York City, for defendant Lembo Corp.

Lester Schwab Katz & Dwyer by Seth D. Zukoff, New York City, for third party defendant Kalex Chemical Products, Inc.

## MEMORANDUM AND ORDER

CAROL BAGLEY AMON, United States Magistrate.

The defendant Kleinewefers GmbH (Kleinewefers) has moved to strike the discovery demands made by plaintiff Ronald Haynes (Haynes), codefendant Lembo Corporation (Lembo), and third party defendant Kalex Chemical Products, Inc. (Kalex) and seeks an order from this court directing that all discovery of the defendant proceed in accordance with the provisions of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, open for signature, March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444, codified at 28 U.S.C. § 1781 note (Hague Convention). In the alternative, the defendant requests that its deposition noticed by the third party defendant Kalex be taken either in the Federal Republic of Germany or in the United States at the expense of Kalex.

For the reasons set forth herein, defendant's request for an order directing compliance with the Hague Convention is denied. Its alternative request that the expense of its deposition in the United States be borne by Kalex is granted.[1]

### Background

In this diversity action, plaintiff Ronald Haynes alleges that he sustained injuries using a machine in the course of his employment at Kalex. The plaintiff asserts causes of action in negligence and strict products liability against the defendants Kleinewefers and Lembo whom he alleges manufactured, sold, designed and installed the machine.

The defendant Lembo has asserted a cross claim against Kleinewefers and a third party action against Kalex for indemnification. Kleinewefers, in turn, has been granted leave by the court to assert cross-claims against Lembo and to serve a fourth party complaint on Kalex.

1. At oral argument on the motion, the plaintiff Haynes and codefendant Lembo agreed to share the cost of this deposition with Kalex.

The defendant Kleinewefers has served discovery requests pursuant to the Federal Rules of Civil Procedure. It contends, however, that in view of defendant's status as a West German corporation, discovery directed to it must proceed, not under the Federal Rules, but in accordance with the provisions in the Hague Convention.

To date, plaintiff has served two separate requests for discovery on the defendant. The first demand entitled "Limited Discovery on Issue of Jurisdiction over Kleinewefers GmbH" consists of eleven questions seeking particulars, admissions and interrogatory responses pertaining to Kleinewefers' defense of lack of jurisdiction. Plaintiff's second discovery request entitled "Combined Discovery Demands Directed to Kleinewefers" seeks documents, information pertaining to other accidents involving the machine, insurance information, names and addresses of witnesses, plaintiff's statements and expert witness disclosure. Plaintiff has disclaimed any present intention of filing additional discovery demands.

The defendant Lembo has propounded "Limited Interrogatories to Kleinewefers Corp". Kalex has noticed the deposition of the defendant.

Although Kleinewefers originally objected to a number of the document requests of the plaintiff as overly broad and burdensome, these disputes were resolved by plaintiff's agreement to limit its demands. The defendant has withdrawn its objections and has agreed to locate and produce the documents subject to its application to proceed under the Hague Convention. The defendant has interposed no other substantive objections to any of the discovery demands with the exception of its contention that the parties should bear the expense of taking its deposition in the United States.

### Discussion

In *Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, — U.S. ——, 107 S.Ct. 2542, 2548–2551, 96 L.Ed.2d 461 (1987) [hereinafter *Societe Nationale*], the Supreme Court held that the Hague Convention does not provide the exclusive or mandatory procedure for obtaining discovery of documents and information located within a signatory nation. The Court further declined to adopt a blanket rule that litigants must first resort to the Convention procedures, observing that:

In many situations the Letter of Request Procedure authorized by the Convention would be unduly time consuming and expensive, as well as less certain to produce needed evidence than direct use of the Federal Rules. A rule of first resort in all cases would therefore be inconsistent with the overriding interest in the "just, speedy, and inexpensive determination" of litigation in our courts. See Fed.Rule Civ.Proc. 1.

*Id.* 107 S.Ct. at 2555 (footnote omitted).

The Court described the convention procedures as "optional" to be employed at the election of the trial court when they will facilitate the gathering of evidence by the means authorized in the Convention. *Id.* at 2554.

In rejecting the argument that principles of international comity require a first resort to Hague Conventions procedures, the Court stated that each case should be evaluated on its own particular facts, sovereign interests and the likelihood that resort to those procedures would prove effective. *Id.* at 2556. The Court declined to articulate specific rules governing when comity concerns required recourse to the Hague Convention noting only that American Courts should:

... take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state.

*Id.* at 2557.

In this case, the defendant Kleinewefers has failed to offer any cogent reasons to employ the Convention procedures in the first instance for the discovery sought to date in this case.

The document requests as narrowed by agreement of the parties as well as the

outstanding interrogatories are not burdensome or extensive nor does the defendant claim they are. Although the defendant argues that many of the documents sought may be difficult to locate since the machine was manufactured in 1962, it does not explain how this problem makes use of the Hague Convention procedures a preferable course. Moreover, the parties' agreement to accede to defendant's request that its deposition be taken at their expense in the United States removes a major obstacle to swift completion of discovery in this case and obviates any concern that the parties are seeking to take advantage of the defendant because of its foreign status, a concern noted in *Societe Nationale* as a possible factor favoring use of Convention procedures. *Id.* at 2557.

In contrast, if the parties are directed to seek discovery of the defendant through the Hague Convention this would delay the proceedings in a case where employing the Federal Rules should result in a speedy completion of the discovery process. One court has observed that the procedure of executing letters of request in Germany can be a very time-consuming and expensive effort. *Murphy v. Reifenhauser, KG Maschinenfabrik*, 101 F.R.D. 360, 361 (D.Vt.1984). Moreover, it is less than certain that after the added effort and expense, the plaintiff would be able to obtain the documents sought. The Federal Republic of Germany has declared pursuant to Article 33 of the Convention that it will not execute letters of requests for documents. Although this hardline position may have been ameliorated to some extent by new regulations drafted by that government which permit pretrial production of specified and relevant documents in response to letters of request, see *Societe Nationale*, 107 S.Ct. at 2566 n. 22, it is still questionable that proceeding under the Hague Convention would produce adequate results in this case.

Additionally, the interests of the United States in seeing that all litigants are treated fairly and equally in its courts would not be served in this case by an order which would have the effect of forcing all parties save Kleinewefers to proceed with discovery under the Hague Convention. Kleinewefers has sought permission to bring claims against its codefendant Lembo and plaintiff's employer Kalex. It is not simply a defendant in this action. To require that all parties seeking discovery of Kleinewefers, including parties against whom it has brought claims, employ the more complicated and expensive procedures of the Hague Convention while Kleinewefers proceeds with its discovery under the Federal Rules, is not an equitable result.

Defendant cites the decision of the district court in *Hudson v. Hermann Pfauter GmbH & Co.*, 117 F.R.D. 33 (N.D.N.Y. 1987) for the proposition that discovery against corporations of the Federal Republic of Germany must in the first instance proceed under the Hague Convention. If this expansive reading of that decision is the correct one, then the case in this court's view is wrongly decided. The Supreme Court in *Societe Nationale* specifically eschewed the application of a blanket rule of first resort to the Hague Convention in favor of scrutiny of each case on its facts. Under this reasoning, it would equally be inappropriate to apply a blanket rule of first resort based solely on the identity of the signatory country from whom discovery is sought.[2]

The *Hudson* case, however, can be read more narrowly, not as announcing a rule that discovery of West German corporations must proceed in accordance with the terms of the Hague Convention, but as simply electing to proceed under the Con-

---

2. Most of the comity considerations cited by the district court as requiring the use of the Hague Convention procedures for evidence sought from German entities, in particular the concern for the differences between common law and civil law countries, apply with equal force to France, the country from which information was sought in *Societe Nationale*. Yet the Supreme Court declined to require in that case first resort to the Hague Convention. Although the district court in *Hudson* purports to follow the majority decision in *Societe Nationale*, its reasoning is based almost entirely on that portion of the opinion of Justice Blackmun which dissented from the majority decision.

vention based upon an analysis of the competing interests in that case. Viewed in this light, *Hudson* is distinguishable from the case here. In *Hudson*, the plaintiff served ninety-two interrogatories, many of which contained subparts. Objections were made to them on various grounds. The court there observed that "... it is not at all clear that use of Convention procedures will be much more costly or time consuming then would the direct use of the Federal Rules. In addition, it appears that plaintiffs can obtain most if not all of the information they seek in their interrogatories through Convention procedures." *Id.* at 40.

Here the discovery sought is not as extensive and the defendant does not object to it. It is apparent that proceeding here under the Hague Convention would of necessity be more costly and time-consuming. Moreover, since documents are sought, it is not at all certain in view of Germany's Article 33 declaration, that the plaintiff would obtain the information he seeks through use of the Convention provisions.

Accordingly, it is

ORDERED that the defendant Kleinewefers respond to the plaintiff's outstanding document demands and requests for interrogatories and the codefendant Lembo's requests for interrogatories by March 31, 1988. It is further

ORDERED that the deposition of Kleinewefers by an officer take place in New York at a location mutually agreeable to the parties after all other discovery is completed. Plaintiff Haynes, codefendant Lembo and third party defendant Kalex are to bear the cost of producing the Kleinewefers' witness in the United States for deposition.

SO ORDERED.