**W. Woods DOSTER, Administrator of the Estate of Carl Leon Sheffield, Jr., Plaintiff,**

v.

**Carl SCHENK A.G., Defendant.**

**Terell V. CLARK and Randy Clark, Plaintiff,**

v.

**Carl SCHENK A.G., Defendant.**

**Nos. 1:90CV00365, 1:90CV00410.**

United States District Court, M.D. North Carolina, Durham Division.

Dec. 19, 1991.

Norman C. Post, Jonathan Silverman, Staton, Perkinson, Doster, Post, Silverman & Adcock, Sanford, N.C., for W. Woods Doster, et al.

J. Douglas Moretz, Sanford, N.C., Norman B. Smith, Smith, Follin & James, Greensboro, N.C., for Terell V. Clark and Randy Clark.

Bynum M. Hunter, Caroline Hudson Lock, Jonathan Arthur Berkelhammer, Smith Helms Mulliss & Moore, Greensboro, N.C., for Carl Schenck A.G.

## ORDER

RUSSELL A. ELIASON, United States Magistrate Judge.

These cases are before the Court on defendant's motions for protective orders to require plaintiffs to conduct discovery pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 (hereinafter referred to as the "Hague Convention"), codified at 28 U.S.C. § 1781 Notes. For the purposes of this order only, these matters are consolidated.

Both plaintiffs, residents of North Carolina, were injured while employed at the Weyerhaeuser Company particle board plant in Moncure, North Carolina.[1] The defendant, Carl Schenk A.G. (Schenk), is the German contractor which designed and built the facility.[2] This Court has personal jurisdiction over all the parties in this case. (Order of January 25, 1991).

Both plaintiffs have served interrogatories and requests for the production of documents on defendant. The plaintiff in *Doster* has also served defendant with requests for admissions. Defendant has responded in both cases that the requested discovery is "overly broad, burdensome, and not reasonably related to the issues raised by the pleadings." (Defendant's January 9, 1991, and March 4, 1991 Briefs, at 1). Defendant contends that, based on the facts of these cases, plaintiffs must attempt to conduct discovery under the Hague Convention before resorting to the Federal Rules of Civil Procedure. Defendant states that a discovery conference was held pursuant to Local Rule 205(c), but the parties have not been able to resolve the dispute. Both plaintiffs maintain that they are still willing to meet with defendant to narrow or modify the discovery requests in a manner agreeable to all parties.

The proponent of using the Hague Convention has the burden of demonstrating the necessity for those procedures.[3]

---

1. The *Doster* plaintiff was killed by a transfer conveyor system in the plant. The *Clark* plaintiff had part of her hand cut off while trying to clear an airlock at the plant.

2. Since this suit was filed East Germany and West Germany have been unified and are now known simply as Germany. *Universal Almanac* (John W. Wright ed., 1991). Carl Schenk A.G. is located in Darmstadt which was in West Germany. None of the parties have indicated that the unification had any effect on the applicability of the Hague Convention in this case.

3. Defendant urges this Court to reconsider its opinion in *Rich v. KIS California, Inc.*, 121 F.R.D. 254 (M.D.N.C.1988), regarding the burden of proving which rules should govern discovery. Defendant argues that the Supreme Court's recommendation that lower courts "exercise special vigilance to protect foreign litigants from ... unnecessary, or unduly burdensome discovery" warrants placing the burden on

*Rich v. KIS California, Inc.,* 121 F.R.D. 254, 257 (M.D.N.C.1988). In *Societe Nationale Industrielle Aerospatiale v. U.S. District Court,* 482 U.S. 522, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987), the Supreme Court stated that before resorting to the Hague Convention procedures, the court should consider (1) the particular facts of each case, (2) the sovereign interests involved, and (3) whether the use of the Convention would provide effective discovery. 482 U.S. at 544, 107 S.Ct. at 2556. This three-part test encompasses the five factors addressed in the parties' briefs. *See Societe Nationale Industrielle Aerospatiale v. U.S. District Court, supra* at 544, n. 28, 107 S.Ct. at 2556, n. 28.[4]

Turning to the first prong of the test, the Court will consider the particular facts in these cases. Use of this country's discovery procedures is particularly warranted when plaintiffs have a strong interest in litigating the actions here and defendant's business activities, which form the basis of the lawsuits, show that it should have expected litigation in this country and would not be disadvantaged by it.

This country has a strong interest in these actions because both cases are personal injury actions based on product liability from defendant's construction activities in this country. The Court has personal jurisdiction over all the parties. The plaintiffs are both citizens of the United States and residents of North Carolina. Plaintiffs were both employed at the Weyerhaeuser Company, and the injuries occurred at the Moncure plant. Schenk is a German corporation which contracted for and constructed the Weyerhaeuser Company particle board plant in North Carolina.

Next, defendant should not be surprised or disadvantaged by litigation under the Federal Rules of Civil Procedure. Schenk claims that in the *Doster* case, plaintiff's failure to translate the requests, as required by the Hague Convention, would make responding to requests for admissions particularly difficult and dangerous for the foreign defendant. The facts show otherwise. Here, defendant performs or performed substantial, continuing business here, and should have reasonably expected the possibility of litigation in this country. Second, defendant's contract was made using the English language. (Plaintiff Clark's January 17, 1991 Brief, Exhibit C). Defendant will not be heard that it will experience difficulty in litigating in English, when it was confident enough to contract in that language in the first instance. These factors argue against the alleged

the party opposing the use of Hague procedures. *Societe Nationale Industrielle Aerospatiale v. U.S. District Court,* 482 U.S. 522, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987). However, this Court's decision in *Rich* to place the burden on the party seeking to employ the Hague Convention was based on a reading and interpretation of the entire *Societe Nationale* opinion. *Rich,* 121 F.R.D. at 257 n. 3. Defendant's argument is flawed because the District Courts must exercise "special vigilance" to protect a foreign party from abuse whether discovery is conducted under the Federal Rules of Civil Procedure or the Hague Convention.

As stated in *Rich,* it is more practical, if not logical, to place the burden of persuasion on the proponent of using the Hague Convention. That party should be in the better position to have the knowledge of any special, sovereign interests and the benefits versus the problems of foreign discovery procedures. *Id.* Without a showing of such interests or benefits, there is no reason for a court in this country to make one party use the usually less liberal discovery procedures of a foreign country. That only creates an unequal situation without any good cause.

**4.** The five factors cited by the court in *Societe Nationale,* and derived from the Restatement of Foreign Relations Law of the United States (Revised) § 437(1)(c) (Tent. Draft No. 7, 1986) (Approved May 14, 1986), are:

(1) the importance to the ... litigation of the documents or other information requested;
(2) the degree of specificity of the request;
(3) whether the information originated in the United States;
(4) the availability of alternative means of securing the information; and
(5) the extent to which noncompliance with the request would undermine the important interests of the United States, or compliance with the request would undermine the important interests of the state where the information is located.

*Societe Nationale Industrielle Aerospatiale v. U.S. District Court,* 482 U.S. 522, 544, n. 28, 107 S.Ct. 2542, 2556, n. 28, 96 L.Ed.2d 461 (1987). Under the three-prong test of *Societe Nationale,* factors (1), (2) and (3) would come under the first prong. Factors (3) and (5) would be considered under the second prong. And factor (4) would be analyzed under the third prong.

need to use the Hague Convention or to require the discovery be translated into German.

Defendant specifically seeks the shelter of the Hague Convention because it alleges the discovery is abusive. It complains that the discovery requests in both cases lack specificity, are not reasonably related to the allegations in the pleadings, and are not of great importance to the resolution of these disputes. Defendant has set out many of the interrogatories and requests for the production of documents which it considers to be overly broad.[5]

Plaintiffs counter that their discovery requests are specific, detailed and crucial to the prosecution of these personal injury actions. More importantly, both plaintiffs have expressed their willingness to cooperate with defendant's counsel to narrow the scope of discovery and reduce the intrusive nature of the requests. The plaintiff in *Clark* has already pared down the discovery requests considerably, and has served the revised discovery requests on defendant. In fact, plaintiffs complain that defendant has failed to comply with Local Rule 205(c) by meaningfully cooperating in a discovery conference wherein plaintiffs could attempt to satisfy defendant's objections. The Court agrees.

The Court has reviewed the plaintiffs' discovery requests. They are not overly burdensome in amount or scope. Plaintiffs' discovery requests are fairly standard for these types of cases. Defendant does not show that the discovery requests, if suitably limited, are not necessary to protect the rights of plaintiff.

In deciding whether to employ Hague Convention procedures, it is significant that the discovery requests are not so potentially harassing or of such a sensitive nature that they should be sifted by the more formal Hague Convention procedures. Plaintiff Doster has made about 20 interrogatory requests, 5 requests for admissions, and 12 requests for the production of

documents. Some requests are overly expansive and premature, *i.e.*, identify all witnesses who will be called at trial. However, these are precisely the type of requests which could be winnowed in a Rule 205(c) conference.

■ By failing to take advantage of the discovery conference procedure, defendant loses the right to urge use of the Hague Convention based on the nature or alleged burden of the discovery requests. There is no evidence that a further conference would be futile. Defendant cannot at the same time frustrate attempts to simplify discovery and complain about it being burdensome. Under these circumstances, defendant fails to show that the discovery requests are burdensome or inappropriate so as to call for resort to Hague Convention procedures.

Finally, plaintiffs' routine discovery requests do not appear to require the Court to employ the Convention procedures based on their intrusive nature. *See Societe Nationale Industrielle Aerospatiale v. U.S. District Court*, 482 U.S. 522, 545–546, 107 S.Ct. 2542, 2556–2557, 96 L.Ed.2d 461 (1987). The protective devices of the Federal Rules of Civil Procedure are available to protect a foreign defendant against abusive or unfair discovery. *Rich v. KIS California, Inc.*, 121 F.R.D. 254, 257 (M.D.N.C. 1988). "Should such devices prove ineffective or if the sovereign interest of the foreign state be one deserving recognition, the district courts should consider using the Convention procedures." *Id.* Defendant fails to show the protective devices of the Federal Rules of Civil Procedure are inadequate or that the Hague Convention procedures would be better suited for these cases. Thus, so far, defendant fails to show that it would be unfair or inequitable to require this particular defendant litigate under the Federal Rules of Civil Procedure.

The second prong of the test requires consideration of the sovereign interests involved in these cases. Defendant asserts

---

**5.** The Court has not been asked to rule on each discovery request, and defendant has reserved the right to seek a protective order with regard to the individual requests. To avoid later mo-

tions for protective orders, the Court directs defendant to first seek a Local Rule 205(c) discovery conference.

that resorting to the Hague Convention will not undermine any important interests of the United States. It cites Justice Blackmun's concurring and dissenting opinion in *Societe Nationale* to argue that Germany has a significant interest which will be promoted by the use of the Hague Convention procedures.

In discussing the importance of sovereign interests, Justice Blackmun pointed out that West Germany has "a constitutional principle of proportionality, pursuant to which a judge must protect personal privacy, commercial property, and business secrets. Interference with these rights is proper only if 'necessary to protect other persons' rights in the course of civil litigation.'" 482 U.S. at 558, 107 S.Ct. at 2563 (citation omitted). Even if the Court were to recognize those principles as significant sovereign interests, defendant must show that the specific discovery in these cases would compromise those interests by a resort to the Federal Rules of Civil Procedure. It fails to make this showing. Defendant likewise fails to show in general how an important German interest would be offended by the use of the Federal Rules of Civil Procedure.

Third, the Court must consider the effectiveness of using the Hague Convention procedures. If the Hague Convention procedures are ineffective or may stifle or prevent the discovery of important evidence, the Court must find compelling offsetting reasons before it will require resort to the Convention. It has been recognized that use of the Convention procedures in

Germany can involve considerable time and expense.[6] *Murphy v. Reifenhauser KG Maschinenfabrik*, 101 F.R.D. 360 (D.Vt. 1984). However, the most notable aspect under this factor is that West Germany filed an exception to the Convention procedures for the production of documents and likely will not execute letters of request for documents. *Id.* at 363 (document requests under Convention would be futile); *see also Hudson v. Hermann Pfauter GmbH & Co.*, 117 F.R.D. 33 (N.D.N.Y.1987). 28 U.S.C. § 1781, note 5(B)(5).[7]

Defendant tries to soften the significance of the fact that Convention procedures might not allow for production of any documents by arguing that most of the documents can be obtained from third parties. Conducting document discovery indirectly through third party subpoenas will not normally present a viable, alternative discovery arrangement which adequately compensates for deficient Hague Convention procedures. Such discovery is usually an awkward, expensive and uncertain process.[8] In this case, the burden is evident because the third parties are scattered around the country (the west coast and elsewhere) and the documents are numerous. Even if the documents were readily obtained from nonparties, there would be identification and authentication problems which are not present when documents are directly produced by a party. This is not a case where only a few, insubstantial documents are sought.

Considering the specific facts of this case, the limited sovereign interests in-

---

**6.** Defendant asserts that the procedures under the Hague Convention are quick and effective. Defendant points out that process was served timely under the procedures of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, T.I.A.S. No. 638. Aside from merely asserting it, defendant does not show that discovery under Hague procedures would be as efficient as the service of process.

**7.** There is some indication that Germany has regulations which would allow for limited document production. *Societe Nationale Industrielle v. U.S. District Court*, 482 U.S. 522, 564 n. 22, 107 S.Ct. 2542, 2566 n. 22, 96 L.Ed.2d 461 (1987) (Blackmun, J., concurring in part and dissenting in part); *Haynes v. Kleinwefers*, 119 F.R.D. 335, 338 (E.D.N.Y.1988). However, it is

still unclear whether plaintiff could successfully obtain documents under the Hague procedures. As discussed earlier, defendant has the burden of showing that Hague procedures should be used, and defendant has not suggested that the German regulations would be effective to satisfy plaintiff's document requests.

**8.** Rules 34(c) and 45(a)(1)(C) now provide a more streamlined process than depositions with subpoenas duces tecum for inspection and copying documents in the control of third parties. Fed.R.Civ.P. 34 and 35 (as amended April 30, 1991, eff. Dec. 1, 1991). However, even this process would present a considerable burden compared to direct discovery from the defendant and would not solve any of the problems with identification and authentication.

volved, and the ineffectiveness of the Hague Convention procedures relating to the production of documents, the Court finds that defendant has not shown that plaintiff should be required to first use the Hague Convention procedures before conducting discovery under the Federal Rules of Civil Procedure.

The facts demonstrate strong contacts with the United States and North Carolina by both plaintiffs and defendant and a contract in the English language. The plaintiffs have tailored or are willing to tailor their requests for discovery and have stated a willingness to narrow discovery further. Defendant has not adequately utilized the Local Rule 205(c) discovery conference procedure to eliminate any burdensome discovery. Therefore, defendant has not shown that responding to discovery under the Federal Rules of Civil Procedure will be unfairly burdensome or that discovery abuses could lead to forced settlement by the foreign defendant.

Defendant has failed to show any significant sovereign interest of Germany which will be offended by conducting discovery pursuant to the Federal Rules. Finally, defendant has not shown that discovery under the Hague Convention would be effective in this case. Defendant's alternative suggestion of subpoenaing records and documents from third parties is not a viable substitute and would not adequately mitigate the undue burden on plaintiffs if they had to employ Hague Convention discovery procedures.

Although defendant has failed to show that discovery should be conducted pursuant to the Hague Convention, the Court finds that defendant's motions in this still somewhat murky area were substantially justified. Therefore, no expenses will be awarded.

IT IS THEREFORE ORDERED that defendant's motions for protective orders requiring plaintiffs to conduct discovery pursuant to the Hague Convention is denied.