[Civ. No. 13713. Third Dist. July 18, 1973.]

VOLKSWAGENWERK AKTIENGESELLSCHAFT, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
VICTOR KIRK GORDEN et al., Real Parties in Interest.

## COUNSEL

Carroll, Burdick & McDonough, John K. Stewart, Justs N. Karlsons and J. D. Burdick for Petitioners.

No appearance for Respondent.

Rust, Armenis & Matheny, David C. Rust and Thomas G. Minder for Real Parties in Interest.

## OPINION

**FRIEDMAN, J.**—Plaintiffs Gorden, who are real parties in interest here, filed a personal injury action against Volkswagenwerk Aktiengesellschaft (VWAG), a German corporation, alleging defective design and manufacture of a 1966 Volkswagen automobile. Plaintiffs moved for two discovery orders: one, appointing a commissioner to take the depositions of seven Volkswagen officials or employees at Wolfsburg, Germany; the other, permitting plaintiffs to inspect and take pictures of certain departments of the Volkswagen manufacturing plant. Both proposed orders declared that refusal to comply would impel the Sacramento Superior Court to impose sanctions on VWAG.

In resisting these motions, VWAG presented to the superior court an aide-memoire from the Embassy of the Federal Republic of Germany, stating that the proposed orders would constitute an encroachment on German sovereign rights; declaring that there would be "no hesitation" to the interrogation of witnesses in Germany under "proper letters rogatory through the normal channels . . . ."

Accompanying the aide-memoire was a memorandum prepared by an expert in German law attached to the German Consulate in New York City, declaring that the threat of compulsion to force activities in Germany without permission of the German authorities would violate German sovereign and international law; that no treaty permitted depositions in Germany under the authority of a commission issued by an American court. A third document was a letter from the United States State Depart-

ment to the superior court expressing its support for the position taken by the German Embassy and offering its own services in transmitting letters rogatory to the German authorities as provided by federal law. (28 U.S.C. § 1781.)

Despite these representations, the superior court on September 29, 1972, issued the discovery orders sought by plaintiffs. VWAG filed in this court a petition for writ of mandate and/or prohibition to stay and vacate these orders. This court issued a stay and an order to show cause, setting the matter for hearing on March 21, 1973. On March 9, at plaintiffs' request, the superior court entered an order purporting to "rescind" its discovery orders of September 29. Plaintiffs then filed a return, contending that the matter before us had become moot. VWAG has requested that we retain and decide the case, arguing that it needs protection against the expenses entailed by a repetition of plaintiffs' efforts and that plaintiffs' attorneys are pursuing similar efforts in a products liability action against VWAG in another country.

It is questionable whether a respondent court or a real party in interest may demolish the subject matter of an extraordinary writ proceeding following the reviewing court's order to show cause or alternative writ. (See 5 Witkin, Cal. Procedure (2d ed. 1971) p. 3922.) The superior court's jurisdiction to order "rescission" is not crucial, because the discovery orders of September 29 were erroneous.

The superior court was faced with requests for two kinds of discovery in a foreign nation: depositions of witnesses, a matter regulated—to the extent that California law may do so—by subdivision (b) of section 2018, Code of Civil Procedure, and inspection of property under section 2031 of the same code.

The former statute authorizes depositions in a foreign country before designated diplomatic officials or before a person appointed by commission or under letters rogatory. It declares that the commission may designate the person by name or title "and letters rogatory may be addressed 'to the appropriate judicial authority in [here name the country].' "

Section 2031 provides that a court may order any party to permit entry upon designated land or other property in his control for the purpose of inspecting or photographing the property or any designated object or operation thereon. It declares that the court may "prescribe such terms and conditions as are just."

A commission, of course, authorizes a designated individual to take the deposition of a named witness. A letter rogatory is a judicial

request addressed to a foreign court that a witness be examined within the latter's territorial jurisdiction by written interrogatories or, if the foreign court permits, by oral interrogatories. (Ballentine's Law Dict. (3d ed. 1969) pp. 726-727.) An important distinction is that the commission is entirely under control of the court issuing it; as to the letter rogatory, the procedure is under the control of the foreign tribunal whose assistance is sought in the administration of justice. (23 Am.Jur.2d, Depositions and Discovery, § 23, p. 371.) The federal statute mentioned earlier (28 U.S.C. § 1781) authorizes the State Department to act as a transmission channel for letters rogatory between American and foreign courts.

■ A foreign corporation's amenability to local suit does not signal automatic subjection of its internal affairs to the courts of the forum, because the latter have no jurisdiction over persons or property outside their territory. (*Coopman* v. *Superior Court*, 237 Cal.App.2d 656, 661-662 [47 Cal.Rptr. 131].) International discovery activities under California law may be conducted only within the channels and procedures established by the host nation. ■ According to the authorities, common law nations regard the deposition of a willing witness as a private, relatively informal matter in which their courts have no interest. A different view is taken by civil law nations such as Germany. There, a deposition in aid of a foreign proceeding is a public matter, requiring the participation and consent of their own courts; the activity of a commissioner appointed abroad represents an intrusion upon the "judicial sovereignty" of such a nation; thus a letter rogatory is the usual and accepted method of taking depositions in a civil law nation. (Hague Conference on Private International Law (1968) 8 Int. Legal Materials, p. 37; Report of United States Delegation to Eleventh Session Hague Conference on Private International law (1969) 8 Int. Legal Materials, p. 785; Edwards, *Taking of Evidence Abroad in Civil or Commercial Matters* (1969) 18 Int. & Comp. L. Q. pp. 646-647; 4 Moore, Federal Practice, ¶ 28.05, p. 1931; Dorman, *California's Statutory Contributions in the Field of International Judicial Assistance* (1963) 39 L.A. Bar Bull. 7, 30-32; see also *United States* v. *Paraffin Wax, 2255 Bags* (E.D.N.Y.) 23 F.R.D. 289.)

The Dorman article declares: "[T]here is general hostility engendered in the foreign country which feels that the party appointed in the commission is usurping functions rightfully performed by the local judiciary. For this reason, it is advisable that California litigants proceeding under section 2018(b) of the CCP consult Department of State officials and/or existing consular treaties for information that may save considerable time and expense to the benefit of the claim being litigated." (P. 32.) We

might add that these inquiries would save considerable time and expense to the California judicial system.

█ Whatever the generous provisions of the California discovery statutes, courts ordering discovery abroad must conform to the channels and procedures established by the host nation. The limitation may rest on any one of several theories—comity, curtailed discretion or implied statutory qualification. █ In this case the California discovery orders would impair the powers of the Federal Republic of Germany to control the property and personnel of an entity which it has created and which has never left its protection. (Cf. *Coopman* v. *Superior Court, supra,* 237 Cal.App.2d at p. 662.) Through its Embassy and through the State Department, the Federal Republic of Germany had specifically informed the superior court that letters rogatory administered by the German courts were the appropriate vehicle for discovery. Whether the superior court's election to ignore these declarations represented an abuse of discretion or an excess of jurisdiction, it will be annulled by mandate.

Plaintiffs charge VWAG with evading discovery and refer to the California courts' power to impose sanctions on a recalcitrant litigant. The record is empty of any evasiveness or recalcitrance. There is no showing that letters rogatory will be inadequate to accomplish legitimate discovery. A qualification is necessary at this point. Although the Embassy's aide-memoire protests against inspection of the Volkswagen plant without permission of the German authorities, its invitation of letters rogatory is limited to the taking of depositions. It does not explicitly invite inspection by means of letters rogatory. If they wish, plaintiffs may make appropriate inquiries and ascertain how and by what means inspection (if it is necessary) may be obtained. Should a foreign-based litigant such as VWAG hide behind diplomatic walls, the California courts may deal with that situation when it appears. It has not yet appeared here.

█ Although resort to prerogative writs to review discovery orders is relatively limited, a writ is available to review discovery questions of first impression and general importance. (*Oceanside Union School Dist.* v. *Superior Court,* 58 Cal.2d 180, 185-186 [23 Cal.Rptr. 375, 373 P.2d 439].) The present ruling is one of first impression in California. It expresses a policy of avoiding international discovery methods productive of friction with the procedures of host nations.

Let a peremptory writ of mandate issue directing respondent court to

vacate its discovery orders of September 29, 1972, and its purported rescission order of March 9, 1973. Real parties in interest will bear costs.

Richardson, P. J., and Pierce, J.,* concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied September 26, 1973.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.