[Civ. No. 65767. Second Dist., Div. Four. Nov. 5, 1982.]

PIERBURG GmBH & CO. KG, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
DONG KY HUA, a Minor, etc., et al., Real Parties in Interest.

COUNSEL

Kinsella, Boesch, Fujikawa & Towle, Dale F. Kinsella and Karen L. Patterson for Petitioner.

No appearance for Respondent.

Kenneth L. Knapp, Anthony M. Aron, Al Schallau and Jean Corey for Real Parties in Interest.

OPINION

**WOODS, P. J.**—By petition for mandate a West German national corporation, Pierburg GmbH Co. KG (hereafter Pierburg), which is a defendant in the underlying personal injury products liability action in respondent court, seeks to vacate respondent's order of June 9, 1982, that requires Pierburg to answer written interrogatories served upon it by plaintiffs (real parties in interest) without compliance with the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters (23 U.S.T. 2555, T.I.A.S. No. 7444, codified at 28 U.S.C. § 1781) (hereafter the Hague Evidence Convention).

The principal question presented here is whether respondent abused its discretion in ruling that the Hague Evidence Convention need not be complied with by plaintiffs seeking discovery of Pierburg because by answering other

written interrogatories propounded by other parties in the same action Pierburg has waived the applicability of that convention.

Review of the Hague Evidence Convention and the California cases addressing its application requires the conclusion that a litigant may not be estopped to assert the requirements of the convention by reason of failure to assert those requirements as to prior discovery in the action. A California court should require litigants seeking such discovery to first attempt to comply with the convention before allowing the litigant to disregard it.

The circumstances leading up to the presently challenged order of June 9, 1982, are not disputed. Plaintiffs were injured when their Audi automobile's engine caught fire. They filed a personal injury action in respondent court and eventually named petitioner Pierburg, a West German corporation, on a products liability theory alleging the carburetor Pierburg manufactured in West Germany was a cause of plaintiffs' injuries.

Pierburg was served pursuant to the Hague Convention on service abroad of judicial and extrajudicial documents in April 1981. On September 24, 1981, plaintiffs propounded a comprehensive first set of written interrogatories upon Pierburg by serving Pierburg's Los Angeles attorneys by mail. The interrogatories, numbering 315 excluding subparts, inquired in great technical detail as to the design, manufacture, components, known defects, testing, and operation of the Pierburg carburetor.

Pierburg sought a protective order, asserting that plaintiffs had not complied with the Hague Evidence Convention in propounding the interrogatories. Plaintiffs filed opposition, asserting that that convention was not applicable. The protective order was granted on March 5, 1982. It required plaintiffs to comply with the convention and also required that "defendant Pierburg must comply with the Hague Evidence Convention when propounding discovery to plaintiffs, if applicable." By order of April 8, 1982, respondent made Pierburg's reciprocal compliance unconditional.

Thereafter Pierburg's attempts to "comply" with the Hague Convention to inspect the subject automobile in plaintiffs' control in California met with a ruling by a federal district court and a letter from the Department of Justice stating that the convention did not apply to physical inspections to be conducted within the territorial jurisdiction of the state court compelling the discovery. Pierburg moved for an order compelling inspection without compliance with the convention. Plaintiffs filed opposition to that motion and also sought vacation of the March 5th order on the basis that Pierburg had voluntarily answered written interrogatories propounded by a codefendant without asserting noncompliance

with the Hague Evidence Convention. The singular subject of those interrogatories was the location of certain photographs of the automobile.

After hearing, which focused upon Pierburg's alleged waiver of Hague Evidence Convention requirements, respondent issued its order of June 9, 1982, which vacated the reciprocal protective order of March 5th and directed Pierburg to respond to plaintiffs' written interrogatories. Plaintiffs claim that they cannot afford to translate their interrogatories into German as required by the convention. Plaintiffs never made any effort to serve their interrogatories on Pierburg in conformity with the Hague Evidence Convention. Pierburg filed its petition with this court June 30, 1982. We stayed the June 9th order and issued the alternative writ.

The two reported California cases that have addressed the applicability of the Hague Evidence Convention where California civil litigants sought discovery of West German national defendants within West Germany have established that California courts must compel the litigants to first attempt such discovery in conformity with that convention. This rule applies even though the courts have jurisdictional power to compel the party to comply with discovery outside the convention.

The discussions in these cases as to the purpose of the convention, which is an international treaty ratified by both West Germany and the United States, also compel the conclusion that a civil litigant may not waive the applicability of the convention by failing to invoke it as to prior discovery in the action.

In the first of the two cases, *Volkswagenwerk Aktiengesellschaft* v. *Superior Court* (1973) 33 Cal.App.3d 503 [109 Cal.Rptr. 219], California residents sued a West German corporation for personal injuries allegedly resulting from the defective design and manufacture of an automobile manufactured by the defendant in West Germany. Plaintiffs sought discovery in the form of appointment of a commissioner to take oral depositions of defendant's officials and employees in West Germany, and in the form of permitting plaintiffs to physically inspect and photograph defendant's plant in West Germany.

Defendant opposed such discovery contending that it violated the Hague Evidence Convention for failure to first seek the consent and cooperation of the West German judiciary by submitting "Letters of Request" in conformity with the convention. Defendant submitted official documentation from the West German Embassy stating the discovery sought would constitute an encroachment upon its government's sovereign rights. The trial court nevertheless issued the requested discovery orders.

The Court of Appeal in mandate proceedings held this was an abuse of discretion. That court pointed out critical considerations, derived from the 1968 Hague Conference on Private International Law and other authorities, which is applicable to our present question of whether a litigant has any power to waive the applicability of the convention: "According to the authorities, common law nations regard the deposition of a willing witness as a private, relatively informal matter in which their courts have no interest. A different view is taken by civil law nations such as Germany. There, a deposition in aid of a foreign proceeding is a public matter, requiring the participation and consent of their own courts; the activity of a commissioner appointed abroad [pursuant to section 2018, subdivision (b) of the Code of Civil Procedure] represents an intrusion upon the 'judicial sovereignty' of such a nation; thus a letter rogatory is the usual and accepted method of taking depositions in a civil law nation. [Citations.]" (*Volkswagenwerk Aktiengesellschaft* v. *Superior Court, supra* 33 Cal.App.3d at p. 507.) The court continued: "Whatever the generous provisions of the California discovery statutes, courts ordering discovery abroad must conform to the channels and procedures established by the host nation. The limitation may rest on any one of several theories—comity, curtailed discretion or implied statutory qualification. In this case the California discovery orders would impair the powers of the Federal Republic of Germany to control the property and personnel of an entity which it has created and which has never left its protection." (*Volkswagenwerk, supra,* 33 Cal.App.3d at p. 508.) The *Volkswagenwerk* court concluded with the comment that if it develops that the West German defendant is attempting to evade legitimate discovery after plaintiff has attempted discovery by letters of request under the convention, then the California court may compel discovery.

The second case dealing with the application of the Hague Evidence Convention (which by coincidence involves the same German corporation) is *Volkswagenwerk Aktiengesellschaft* v. *Superior Court* (1981) 123 Cal.App.3d 840 [176 Cal.Rptr. 874] (hereafter *Volkswagenwerk* (1981)). There California plaintiffs sued Volkswagenwerk for personal injuries allegedly resulting from a defective automobile manufactured by defendant in West Germany.

Plaintiffs obtained discovery orders compelling defendant to permit physical inspection of its plant and interviews of its employees in West Germany; to permit inspection and photographing of the plant's technical library and design and testing records concerning the type of vehicle involved and predecessor types; to allow informal interviews of defendant's employees at its plant; and to allow depositions of defendant's officers and employees. All such discovery was to be conducted in West Germany without compliance with the Hague Evidence Convention.

After determining that the informal interviews were not a permissible method of discovery under California law and that the scope of document examination had to be narrowed, the court reached the critical question of the applicability of the Hague Evidence Convention.[1] Differing with a preliminary conclusion reached in *Volkswagenwerk* (1973), the *Volkswagenwerk* (1981) court determined that a foreign national is clearly subject to a California court's jurisdictional power to compel discovery in that party's home nation incidental to the court's personal jurisdiction over the party.[2] However, the *Volkswagenwerk* (1981) court concluded:

*"On the other hand, in cases such as this American courts traditionally and properly recognize the countervailing force of international comity:* The concept that the courts of one sovereign state should not, as a matter of sound inter-

---

[1]The court began with an overview of the purposes and functions of the convention:
"In 1979 West Germany ratified the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (23 U.S.T. 2555, T.I.A.S. 7444) which had been adopted by an international conference at The Hague in 1970 and thereafter had been ratified by several countries including the United States. This Hague Convention provides international access, by means consistent with local sovereignty, to evidence within West Germany. 'One of the principal objects of a Convention on this subject is to bridge differences between common law and civil law systems.' [Citation.] To this end the conferees sought among other things to simplify and expedite use of 'letters of request' which under the Hague Convention are considerably broader in function than letters rogatory. [Citation.] By letter of request a 'requesting authority' (here, for example, the California superior court) may transmit to a 'Central Authority' in the country in which the evidence is to be taken a request for judicial assistance to be forwarded to and executed by a local 'executing authority' (in West Germany, for example, the local court). Under the Hague Convention as adopted, the request can extend to testimony and to inspection of documents and property; procedures specified by the requesting authority will be applied to the extent feasible and consistent with local law; the executing authority shall apply those 'measures of compulsion' which would be available in local actions; and the letter of request 'shall be executed expeditiously.'" (*Volkswagenwerk* (1981) *supra,* 123 Cal.App.3d at p. 853.)

[2]"Once a foreign corporation is properly subject to a court's jurisdiction, it (like any other party validly joined in a local lawsuit) may with technical propriety be ordered to act or to refrain from acting, in matters relevant to the lawsuit, at places outside the state. [Citations.] In this sense, and to this extent, at least, VWAG's internal affairs *are* subject to the orders of a California court in an action to which it has been made a party. In *Coopman* v. *Superior Court* (1965) 237 Cal.App.2d 656 . . . , on which *VWAG 1973* relies, a party sought indirectly to search the records of a Nevada corporation which was *not* a party to the action; the *Coopman* generalizations do not apply to a corporation which is properly a party to the action in which the orders issue.
"It is also the general rule that the law of the forum (again, in this case, California) will govern procedural matters, including such matters of pretrial practice as 'the taking and use of depositions, discovery and penalties for refusal to comply with proper request for information.' [Citation.] Further, '[i]t . . . seems that a defendant who has had sufficient contacts with the forum state to give it personal jurisdiction can consistently with due process be required, on pain of default, to conform to that state's discovery procedures as essential incidents of the exercise of jurisdiction.' [Citation.] That VWAG should have been chartered by, and should maintain its manufacturing facility in, a jurisdiction which would regard these California discovery orders as violations of its sovereignty seems happenstance so far as the California action is concerned: A strong argument can be made that as a legitimate party to a California action VWAG may be required to elect between the demands of the California court and the sensitivities of the West German government, and to risk the sanctions authorized by California law should it elect not to give the required discovery." (*Volkswagenwerk* (1981) *supra,* 123 Cal.App.3d at pp. 856-857.)

national relations, require acts or forebearances within the territory, and inconsistent with the internal laws, of another sovereign state unless a careful weighing of competing interests and alternative means makes clear that the order is justified. *Rulings based in this concept of international comity are dictated not by technical principles of jurisdiction of the parties to or subject-matter of particular lawsuits, but rather by exercise of judicial self-restraint in furtherance of policy considerations which transcend individual lawsuits.* [Citation.] Particularized to discovery matters it is (as *VWAG 1973* recognized) 'a policy of avoiding international discovery methods productive of friction with the procedures of host nations.' (*VWAG 1973, supra,* 33 Cal.App.3d at p. 508.)" (Italics added.) (*Volkswagenwerk* (1981) *supra,* 123 Cal.App.3d at p. 857.)

Drawing from what it perceived to be the consistent approach of federal courts to view the Hague Evidence Convention as compelled by comity and requiring a balancing of considerations when discovery in conformity with the convention places the foreign national in a dilemma between giving discovery and offending the sovereignty or violating the laws of the foreign nation, *Volkswagenwerk* (1981), *supra,* 123 Cal.App.3d at page 859, concluded that ". . . the trial court, in the exercise of judicial restraint based on international comity, should have declined to proceed other than under the Hague Convention" until such procedure resulted in an impasse. It noted that under the supremacy clause of the United States Constitution (§ 2 of art. VI) the Hague Evidence Convention, as an international treaty ratified by the United States, may be read as a preemptive rule of international discovery and binding upon state courts. But that court interpreted article 27 of the convention, which provides that means of discovery less formal than or means not provided for by the law of the host nation may be adopted to expedite discovery, as reflecting the intention that "the Hague Convention establishes not a fixed rule but rather a minimum measure of international cooperation." (*Volkswagenwerk* (1981), *supra,* at p. 859.)

In view of the cases discussed above no elaborate analysis is needed to conclude that a civil litigant such as Pierburg cannot "waive" the applicability of the Hague Evidence Convention by failing to assert noncompliance with that convention as to prior discovery by other parties to the action.

The foundation of the convention is to avoid international friction where a domestic state court orders civil discovery to be conducted within the territory of a civil law nation that views such unilateral conduct as an intrusion upon its judicial sovereignty. The failure of one litigant in the domestic action to demand compliance with the convention cannot divest the foreign nation of its

sovereign judicial rights under the convention. The convention may be waived only by the nation whose judicial sovereignty would thereby be infringed upon.

Plaintiffs have advanced several arguments against the initial applicability of the Hague Evidence Convention. The first is presented in two variations: that because defendant Pierburg has conducted substantial business in California to its substantial profit and has purposefully availed itself of the benefits of California laws, Pierburg must be deemed to be a California resident and to have subjected itself to the jurisdiction and laws of procedure applicable to California residents. These arguments are fully answered by the holdings and discussions of *Volkswagenwerk* (1973) *supra,* and *Volkswagenwerk* (1981), *supra.*

Plaintiffs next contend that the discovery sought of defendant Pierburg is of evidence located in the United States and can be answered here, so the Hague Convention does not apply. This contention is answered by noting that Pierburg is a West German corporation with its principal offices there. The foundation of the Hague Convention is to honor West Germany's civil law jurisdiction over civil discovery concerning its nationals conducted within the territory of West Germany. Accordingly, plaintiffs cannot avoid the clear applicability of the convention by arguing that the Pierburg officers responsible for providing answers to the discovery could leave West Germany to perform the physical act of giving answers.

Neither is there persuasiveness in plaintiffs' assertion that Pierburg's local Los Angeles counsel and expert witnesses could answer the interrogatories here. This, of course, would automatically destroy the convention in all discovery matters other than those involving physical inspection of the foreign national's property in its state of citizenship. This is not the intendment of the convention. The subject written interrogatories indisputably seek information that could only be known by Pierburg employees or contained in Pierburg records and documents in West Germany. Plaintiffs' argument also overlooks the possibility that discovery in West Germany might have to be conducted in the form of oral depositions by West German judicial officers. In such a case, written interrogatories could not be answered in California.

Plaintiffs also assert that West Germany has expressed no objection to Pierburg answering interrogatories outside the Hague Convention. But plaintiffs ignore the fact that this silence exists because plaintiffs have failed to make any attempt to comply with the convention by submitting letters of request to the West German judiciary asking for execution of their discovery. Defendant is under no obligation to make such a request. Plaintiffs' obligation is to first seek the cooperation and advice of West Germany as to the appropriate procedure.

They have not done this. Until they do, it cannot be assumed that West Germany will object to plaintiffs' desired discovery.

Plaintiffs contend that requiring them to propound interrogatories in accordance with the Hague Evidence Convention denies them equal protection of California discovery law, as guaranteed under the Fourteenth Amendment, because defendant Pierburg need not observe that same convention to obtain discovery of plaintiffs.

This contention must be rejected for two reasons. First, as was held in *Dr. Ing. H.C.F. Porsche A.G.* v. *Superior Court* (1981) 123 Cal.App.3d 755, 760 [177 Cal.Rptr. 155], in an analogous context: "The United States became bound by the provisions of the multilateral international convention governing 'Service Abroad of Judicial and Extrajudicial Documents' (the Hague Convention) . . . . Germany ratified the treaty on June 21, 1979. [¶] The second clause of article VI of the United States Constitution provides: 'This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges of every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.' Accordingly, a California court may not exercise jurisdiction in violation of an international treaty. [Citations.]" California's interest in avoiding violations of international treaties is clearly a rational basis for requiring California litigants to comply with the Hague Evidence Convention.

Second, equal protection arguments apply only where persons who are similarly situated receive disparate treatment. Here, plaintiffs and defendant are not so situated. Although both are litigants in the same action, plaintiffs seek discovery different than that sought herein by defendant. Should defendant seek answers to written interrogatories from its codefendants, who are also West German nationals, and those codefendants assert the applicability of the Hague Evidence Convention, then Pierburg would be treated in the identical manner as plaintiffs must now be treated. This state may not, and does not, treat two parties seeking the same discovery differently.

The consequence that compliance with the Hague Evidence Convention might entail additional cost to plaintiffs is not disparate treatment. California law imposes different obligations upon proponents of discovery depending upon the status and location of the deponent.[3]

---

[3] Code of Civil Procedure section 2019, subdivisions (a)(4) and (b)(2).

Neither of the parties have submitted real authority indicating whether written interrogatories are a form of evidence-taking recognized under West German law. Neither do the provisions of the convention so indicate.

While the respondent and this court may take judicial notice of the laws of West Germany and its existing agreements with this country (Evid. Code, §§ 452, 454, 459), presently available sources do not reveal how West Germany would treat a letter of request by plaintiffs to allow defendant Pierburg to answer written interrogatories in that nation. The answer, as concluded in *Volkswagenwerk* (1981), is to require plaintiffs to attempt to obtain defendant's answers to the written interrogatories under the convention. This will reveal whether simple service of the interrogatories and answers in English are permissible or what alternative mode is available.

Article 27 of the convention provides that its provisions shall not prevent participating nations from "(b) permitting, by internal law or practice, any act provided for in this Convention to be performed upon less restrictive conditions;" and "(c) permitting, by internal law or practice, methods of taking evidence other than those provided for in this Convention."

Article 1 of the convention provides that one contracting state may, "by means of a Letter of Request," request another contracting state "to obtain evidence, or to perform some other judicial act." Such "Letters of Request" are transmitted from the "Central Authority" of one state to that of the other. (Art. 2.) The request shall specify, inter alia, "the questions to be put to the persons to be examined . . . ." (Art. 3(f).) Article 9 provides: "The judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed. [¶] However, it will follow a request of the requesting authority that a special method or procedure be followed, unless this is incompatible with the internal law of the State of execution or is impossible of performance by reason of its internal practice and procedure or by reason of practical difficulties."

In sum, respondent must direct plaintiffs to attempt to comply with the Hague Evidence Convention in taking discovery of defendant Pierburg in West Germany.

Let a peremptory writ of mandate issue directing respondent to vacate its order of June 9, 1982, in Los Angeles Superior Court case No. C 231327, entitled Dong Ky Hua, a Minor et al. v. Porsche Audi, etc., et al., and to make a new and different order requiring plaintiffs to seek their discovery in com-

pliance with the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, and to thereafter proceed in accordance with law.

Kingsley, J., and McClosky, J., concurred.

The petition of real parties in interest for a hearing by the Supreme Court was denied December 30, 1982. Bird, C. J., was of the opinion that the petition should be granted.