Kenneth LOWRANCE, and Carolyn Lowrance, Plaintiffs,

v.

MICHAEL WEINIG, GmbH AND CO., KOMMANDITGESELLSCHAFT, Defendant.

No. 82–1010.

United States District Court, W.D. Tennessee, E.D.

Sept. 23, 1985.

T.J. Emison, Jr., Emison and Emison, Alamo, Tenn., for plaintiffs.

James M. Glasgow, Elam, Glasgow, Tanner and Acree, Union City, Tenn., for defendant.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

TODD, District Judge.

On March 15, 1984, the defendant filed a motion for a protective order, seeking to avoid producing documents located in West Germany for inspection and copying by the plaintiff on the grounds that such discovery was governed by the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (hereinafter the Hague Convention), 28 U.S.C. § 1781. On November 2, 1984, defendant objected to plaintiff's third set of interrogatories on the same grounds.

The underlying cause in this case is a personal injury allegedly sustained by plaintiff Kenneth Lowrance who contends that his injury was the result of defects in a machine designed, manufactured, and sold by defendant to plaintiff's employer. The defendant is a West German business entity with its principal place of business in

Tauberbischofscheim, West Germany. There have been numerous discovery disputes in this case, with the defendant taking the position that the Hague Convention governs all aspects of discovery since both the Federal Republic of Germany and the United States are signatory parties.

Under the Hague Convention, a party seeking evidence abroad must obtain and send a Letter of Request to the central authority of the country in which the evidence is sought, requesting service of the request on the desired person or entity. If the request complies with the Convention, the central authority will then obtain the desired evidence. Article 23 of the Convention gives the signatory party the option not to execute Letters of Request for the purpose of obtaining pretrial discovery documents. West Germany exercised this option when it signed the Convention on March 18, 1970. This, in effect, precludes discovery of documents regardless of a party's compliance with the Hague Convention.

The United States became a signatory party to the Hague Convention on October 7, 1972. As an international treaty, the Hague Convention is a part of the supreme law of the land. United States Constitution art. VI, cl. 2. As an act of Congress, the Federal Rules of Civil Procedure (FRCP), which would otherwise govern a discovery dispute such as this, are also part of the supreme law. At issue here is which of these conflicting laws controls this dispute.

Although the United States has been a party to the Hague Convention since 1972, very few decisions addressing the conflict between the Convention and the discovery provisions of the FRCP have been reported. In fact, the two decisions by California courts of appeal cited by defendant in support of its motion for a protective order appear to be among the earliest reported cases dealing with this issue. In both *Pierburg GmbH & Co. KG v. Superior Court*, 137 Cal.App.3d 238, 186 Cal.Rptr. 876 (1982), and *Dr. Ing H.C.F. Porsche A.G. v. Superior Court*, 123 Cal.App.3d 755, 177 Cal.Rptr. 155 (1981), the California courts held that the Hague Convention controlled matters of pre-trial discovery in litigation involving a foreign national as a party. *See also Volkswagenwerk, A.G. v. Superior Court*, 123 Cal.App.3d 840, 176 Cal. Rptr. 874 (1981). Two federal district courts subsequently agreed, relying on the reasoning of the California cases that international comity is promoted by requiring compliance with the Hague Convention. *Philadelphia Gear Corp. v. American Pfauter Corp.*, 100 F.R.D. 58 (E.D.Pa. 1983); *Schroeder v. Lufthansa German Airlines*, No. 83C1928 (N.D.Ill. Sept. 15, 1983).

Since these decisions were reported, a number of federal court opinions have been published. The most persuasive to this Court are two recent opinions by the Fifth Circuit Court of Appeals. In both *In re Messerschmitt Bolkow Blohm Gmbh*, 757 F.2d 729 (5th Cir.1985), *petition for cert. filed*, 54 U.S.L.W. 3084 (U.S. July 17, 1985) (No. 85–99), and *In re Anschuetz & Co., GmbH*, 754 F.2d 602 (5th Cir.1985), *petition for cert. filed*, 54 U.S.L.W. 3084 (U.S. July 17, 1985) (No. 85–98), the Fifth Circuit held that the Hague Convention was not applicable to discovery procedures that were to occur in the United States. In *Anschuetz*, the third party defendant, a German corporation, moved for a protective order on the grounds that there had not been compliance with the Hague Convention. This motion was denied initially by a magistrate, whose decision was upheld by the district court. When the German third party defendant petitioned the court of appeals for a writ of mandamus, the court stayed the magistrate's order in order to resolve the conflict between the Hague Convention and the FRCP.

Noting the existence of the California cases cited above and the two federal cases that relied on them, the *Anschuetz* court found these cases not to be "well reasoned." 754 F.2d at 606. Requiring an American party to comply with the Hague Convention would restrict that party's discovery ability while the foreign party could

take full advantage of the FRCP and its liberal discovery provisions. Such an approach would result in "an extraordinary advantage" for the foreign party. *Id.* The court also noted that this approach would encourage concealment of evidence. *Id.*

The *Anschuetz* court then reviewed the federal district court cases that had found the Hague Convention not to be the exclusive means of acquiring evidence from a foreign party. After discussing the purpose and operation of the Hague Convention, the Court stated that "the convention was [not] intended to protect foreign parties, over whom an American court properly has jurisdiction, from the normal range of pre-trial discovery available under the Federal Rules of Civil Procedure." 754 F.2d at 611 (quoting *Graco v. Kremlin, Inc.*, 101 F.R.D. 503, 521 (N.D.Ill.1984)). What the Hague Convention was intended to protect was discovery occurring within the foreign state. 754 F.2d at 611. According to the *Anschuetz* court, "discovery does not 'take place within [a state's] borders' merely because documents to be produced somewhere else are located there. Similarly, discovery should be considered as taking place here, not in another country, when interrogatories are served here, even if the necessary information is located in the other country." *Id.* (quoting *Graco,* 101 F.R.D. at 521).

After finding that the Hague Convention was not the exclusive means of obtaining evidence from a foreign party, the court noted that simply because an American court has the power to require a foreign party subject to its *in personam* jurisdiction to respond to legitimate discovery requests does not necessarily mean that the court should exercise this power. 754 F.2d at 614. To this end, "the exercise of judicial power should be tempered by a healthy respect for the principles of comity." *Id.* Without analyzing the comity principles further or making a determination of whether the power should be exercised in that case, the *Anschuetz* court denied the

mandamus sought by the third party defendant and left for the trial court the decision of whether or not the parties would have to comply with the Hague Convention.

The comity analysis referred to but not made by the *Anschuetz* court was discussed in the second opinion from the Fifth Circuit, *In re Messerschmitt Bolkow Blohm GmbH*, 757 F.2d 729 (5th Cir.1985). As in *Anschuetz,* the German defendant in *Messerschmitt* objected to pre-trial discovery efforts of the plaintiffs on the grounds that there had not been compliance with the Hague Convention. Agreeing with the principles enunciated by the *Anschuetz* court, the *Messerschmitt* panel then performed the comity analysis and determined that the Hague Convention did not apply. 757 F.2d at 732. With respect to the requests for production of documents, the court concluded that Germany's legitimate interest in protecting its nationals from foreign procedures requiring disclosure of documents within its borders was appropriately balanced by the American litigants' interest in promptly obtaining the desired evidence in order to prepare for trial in an American court. *Id.* Finding that the Hague Convention did not apply to the depositions sought, the court stated that no comity analysis was necessary due to the fact that the depositions were to take place in the United States and not Germany. This was so even though ordering the defendant to comply might require ordering German nationals to be produced in the United States to be deposed. *Id.* at 732–33. The basis for these decisions was that failure by the defendant to comply would not result in "alien procedures on German soil," but only in sanctions directed against the defendant, over whom the American trial court had jurisdiction. *Id.*

█ This court finds itself in agreement with the *Anschuetz* and *Messerschmitt* courts and holds that the Hague Convention does not apply to discovery ef-

forts in this country directed to a foreign national party over whom the court has *in personam* jurisdiction. With regard to where discovery efforts occur, requests for production of documents served on a party in this country are held to occur in this country even though the documents may be located in a foreign state. Similarly, interrogatories served on a party in this country are held to occur in this country and are not subject to the Hague Convention. Because all discovery sought in this case is to occur in this country, no analysis of international comity need be made. Failure of defendant, over whom this court has *in personam* jurisdiction, to comply with the discovery requests will not authorize the court to order discovery in Germany but may subject the defendant to the full range of sanctions provided by the FRCP. *Messerschmitt*, 757 F.2d at 731–33; *Anschuetz*, 754 F.2d at 615. *See also Work v. Bier*, 106 F.R.D. 45 (D.D.C.1985); *Slauenwhite v. Bekum Maschinenfabriken, GmbH*, 104 F.R.D. 616 (D.Mass.1985); *Compagnie Francaise D'Assurance v. Phillips Petroleum Co.*, 105 F.R.D. 16 (S.D.N.Y.1984); *McLaughlin v. Fellows Gear Shaper Co.*, 102 F.R.D. 956 (E.D.Pa. 1984); *Int'l. Soc'y. for Krishna Consciousness, Inc. v. Lee*, 105 F.R.D. 435 (S.D.N.Y. 1984); *Graco, Inc. v. Kremlin, Inc.*, 101 F.R.D. 503 (N.D.Ill.1984); *Murphy v. Reifenhauser KG Maschinenfabrik*, 101 F.R.D. 360 (D.Vt.1984); *Lasky v. Continental Products Corp.*, 569 F.Supp. 1227 (E.D.Pa.1983).

Defendant's motions for a protective order are therefore denied and defendant is ordered to produce the documents requested by plaintiffs' second and third requests for production of documents within ninety days from the date this order is entered. Furthermore, defendant is ordered to fully answer each of the interrogatories in plaintiffs' third set of interrogatories within ninety days from the date this order is entered.

IT IS SO ORDERED.