788 F.2d 1408
 5 Fed.R.Serv.3d 429
 SOCIETE NATIONALE INDUSTRIELLE AEROSPATIALE, Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the DISTRICT OF ALASKA, Respondent,
and
Sharon Griffis, Personal Representative of the Estate of
Daniel D. Doran, Deceased, Real Party In Interest.
 No. 85-7556.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 31, 1986.
Decided May 1, 1986.
 
 Stephen C. Johnson, Lillick, McHose & Charles, San Francisco, Cal., Patrick T. Brown, Rice, Hoppner, Brown & Brunner, Fairbanks, Alaska, for petitioner.
 Joseph L. Young, Young & Sanders, Inc., Anchorage, Alaska, for respondent.
 Petition for Writ of Mandamus to the United States District Court for the District of Alaska.
 Before ANDERSON, SKOPIL and ALARCON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Societe Nationale Industrielle Aerospatiale ("SNIAS"), a French government-owned corporation named as a defendant in a wrongful death action, seeks a writ of mandamus to require the district court to order the production of documents according to the procedures of an international treaty rather than the Federal Rules of Civil Procedure. We deny the petition.
 
 
 2
 In 1982, a pilot and his son died in an accident near Wrangel, Alaska involving a helicopter manufactured by SNIAS. The pilot's estate sued SNIAS, alleging that the helicopter's tail rotor system failed because of a defective design or manufacture. Plaintiff twice requested under Fed.R.Civ.P. 34 that SNIAS produce documents located in France relating to service problems with the helicopter. SNIAS objected to the requests on the ground that plaintiff was required to follow the procedures of the Multilateral Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 ("Hague Convention").[1]
 
 
 3
 The Hague Convention, ratified by the United States in 1972, provides a uniform system of discovery in foreign jurisdictions. It sets out procedures for gathering evidence from foreign countries through "letters of request" or through diplomatic officers, consular agents, and appointed commissioners. SNIAS claimed that it was prohibited by French law from producing the documents sought by plaintiff except "according to treaties or international agreements." See French Penal Code Law No. 80-538.
 
 
 4
 The district court held that plaintiff's discovery need not be conducted in accordance with the Hague Convention and ordered SNIAS to produce the documents. This court granted a temporary stay of discovery pending disposition of the mandamus petition.
 
 
 5
 Mandamus is a drastic remedy that should be invoked only in extraordinary circumstances. Kerr v. United States District Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). SNIAS's petition for a writ satisfies some of the mandamus guidelines in this circuit. See Bauman v. United States District Court, 557 F.2d 650, 654-55 (9th Cir.1977).[2] Nevertheless, the district court's decision is in accord with recent decisions of the Fifth and Eighth Circuits and is not erroneous. See In re Societe Nationale Industrielle Aerospatiale, 782 F.2d 120 (8th Cir.1986); In re Messerschmitt Bolkow Blohm GmbH, 757 F.2d 729 (5th Cir.1985), petition for cert. granted, --- U.S. ----, 106 S.Ct. 1633, 90 L.Ed.2d 179 (1986); In re Anschuetz & Co., GmbH, 754 F.2d 602 (5th Cir.1985), petition for cert. filed, 54 U.S.L.W. 3084 (U.S. Aug. 13, 1985) (No. 85-98). We exercise our mandamus jurisdiction, but deny the writ.
 
 
 6
 We reject SNAIS's contention that the Hague Convention is the exclusive vehicle for obtaining documents located within the territory of a foreign signatory. The Convention does not state that it is the exclusive means for obtaining discovery abroad, and no federal court has found the provisions of the Hague Convention to be exclusive or mandatory. See Anschuetz, 754 F.2d at 606, n. 7; Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 27 (S.D.N.Y.1984). The Federal Rules of Civil Procedure, not the Hague Convention, normally govern discovery of documents from foreign parties subject to the jurisdiction of United States courts even when the documents are located abroad. Messerschmitt, 757 F.2d at 731. When a district court has jurisdiction over a foreign litigant, the production of documents effectively occurs in the United States and not in the country where the documents are initially located. Societe Nationale, 782 F.2d at 124-25; Anschuetz, 754 F.2d at 611.
 
 
 7
 In France and other civil law countries, discovery is a judicial function rather than a private act to be accomplished by counsel. The Hague Convention was designed to alleviate some of the civil law signatories' concerns about threats to their judicial sovereignty. The Hague Convention was intended, however, not only to protect foreign nationals from American discovery procedures, but also to make more evidence accessible to common law litigants through the cooperation and coercive powers of foreign authorities.[3] See Societe Nationale, 782 F.2d at 125; Anschuetz, 754 F.2d at 609, n. 19, 611 (quoting, Graco v. Kremlin Inc., 101 F.R.D. 503, 521 (N.D.Ill.1984)). The Convention was not intended to shield foreign litigants from the normal burdens of litigation in American courts. If the Hague Convention supplanted the Federal Rules of Civil Procedure, foreign litigants would have an extraordinary advantage in American courts.
 
 
 8
 SNIAS also contends that even if the Hague Convention is not the exclusive and mandatory means to obtain discovery, principles of international comity require that it be the avenue of first choice. We agree that resort to the Convention should be considered in each case, but not that it must be utilized first in every case. See Messerschmitt, 757 F.2d at 731. Here, the district court balanced France's interest in controlling its judicial system against the American interest in full pretrial discovery. The intrusion on French sovereignty is minimal because no proceedings will take place on French soil. See Messerschmitt, 757 F.2d at 732. SNIAS is required only to select the relevant documents in France. Such action is preparatory and does not require the participation of the French government.[4] See Anschuetz, 754 F.2d at 611.
 
 
 9
 The petition for writ of mandamus is denied. The stay of discovery is vacated.
 
 
 
 [1]
 The text of the Hague Convention is found in the note following 28 U.S.C. Sec. 1781 (Supp.1985)
 
 
 [2]
 Here, SNIAS has no other adequate means to obtain the desired relief. A discovery order is generally interlocutory and nonappealable under 28 U.S.C. Sec. 1291. City of Las Vegas v. Foley, 747 F.2d 1294, 1297 (9th Cir.1984). Second, although SNIAS's claims of criminal prosecution in France are speculative at this time, it could be damaged or prejudiced in a way not later correctable on appeal. Also, there is potential damage to the relations between France and the United States. Finally, the district court's order raises an important issue of first impression in this circuit. Therefore, we ordered respondent to file an answer to the petition under Fed.R.App.P. 21(b)
 
 
 [3]
 For example, the Hague Convention provides procedures to facilitate the involuntary deposition of a party in a foreign country or the production of documents from persons not subject to the court's jurisdiction. See Anschuetz, 754 F.2d at 615
 
 
 [4]
 In the Convention, France has chosen not to execute "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries." See 28 U.S.C. Sec. 1781 (Supp.1985) (Art. 23 and note 4). Thus, it is difficult to assess whether France would even respond to a "letter of request." Foreign countries might find it an insult to have their aid invoked as a first resort, only to be eventually overridden under the Federal Rules of Civil Procedure. See Societe Nationale, 782 F.2d at 125-26; Anschuetz, 754 F.2d at 613