**PHILADELPHIA GEAR CORPORATION**

v.

**AMERICAN PFAUTER CORPORATION and BHS-Dr. Ing. Hofler GmbH and Brinkmann-Pumpen, GmbH and Siemens.**

Civ. A. No. 82–5500.

United States District Court, E.D. Pennsylvania.

Nov. 16, 1983.

Andrew C. Hecker, Jr., Samuel C. Pace, Jr., Hecker, Maginnis, Rainer & Brown, Philadelphia, Pa., for plaintiff.

Norbert Bergholtz, Robert Limbacher, Dechert, Price & Rhoads, Philadelphia, Pa., for defendant BHS-Dr. Ing. Hofler GmbH.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Presently before the court is plaintiff's motion to compel defendant, BHS-Dr. Ing. Hofler GmbH ("Hofler") to answer interrogatories and produce certain documents requested by plaintiff. Hofler has objected to these discovery requests on the ground that plaintiff has failed to proceed in accordance with the provisions of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444, *codified at* 28 U.S.C. § 1781. For the reasons that follow, plaintiff's motion will be denied.

Hofler is a West German corporation engaged in the manufacture of gear grinding machines. Plaintiff purchased one of these machines which, as a result of an allegedly defective design, caught fire and caused extensive damage to the machine and plaintiff's premises. Plaintiff has served Hofler with interrogatories and a request for production of documents. Although each discovery request would require the production of information from Hofler's offices in West Germany, neither request conforms to the procedures provided in the Hague Convention.

The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters is a multilateral treaty that was designed to provide a uniform procedure to be used in obtaining evidence in foreign countries. A central purpose of the convention was to reconcile the markedly different discovery procedures that exist in common law countries, such as the United States, and civil law countries, such as West Germany. For example, unlike the practice in this country where depositions are conducted by attorneys outside the presence of the court, in civil law countries depositions are a function of the judiciary. The interrogation of witnesses is by the judge and although counsel may suggest questions, no direct questioning or cross-examination is permitted. At the close of testimony, the judge dictates a non-verbatim summary which is the official record of the proceeding. *See* Jones, *International Judicial Assistance: Procedural Chaos and a Program for Reform,* 62 Yale L.J. 513, 527–29 (1953). Note, *Obtaining Testimony Outside the United States,* 29 Hastings L.J. 1237, 1247

60

(1978). Because the gathering of evidence is a function of a civil law country's courts, the usurpation of this function by the courts and citizens of a foreign nation may be considered a violation of the state's "judicial sovereignty." *See Volkswagenwerk Aktiengesellschaft v. Superior Court,* 123 Cal.App.3d 840, 852, 176 Cal.Rptr. 874, 881 (1981).

■ In order to avoid such intrusions and to provide an orderly system for foreign discovery, the United States and West Germany became signatories to the Hague Evidence Convention. Under the convention, three methods of obtaining evidence abroad may be used: notice to appear before a consular officer (Arts. 15, 16); the designation of a private commissioner (Art. 17); or a letter of request (Arts. 1–14). The notice and commission methods are designed for situations where the testimony or documents are sought from a voluntary witness. The letters of request are available to secure the evidence from an uncooperative witness through the compulsory powers of a foreign court. *See Pain v. United Technologies Corp.,* 637 F.2d 775, 788 n. 67 (D.C.Cir.1980). The convention provides details specifying the contents of a letter of request (Art. 3) and also requires that the request must be in the language of the executing state, in French, or in English (Art. 4).[1] If the letter does not comply with the convention's requirements, the receiving country may refuse to accept it. *See generally* Note, *Taking Evidence Outside of the United States,* 55 B.U.L.Rev. 368 (1975).

In the present case, plaintiff has made no effort to comply with the Hague Evidence Convention. Instead, it argues that this treaty does not represent the exclusive means of gathering evidence abroad but rather was intended merely to supplement the less restrictive means provided by the Federal Rules of Civil Procedure. In support of this assertion, plaintiff points to Article 27 of the convention which states in part that "the provisions of the present Convention shall not prevent a Contracting State from—... permitting, by internal law or practice, methods of taking evidence other than those provided for in this Convention."

■ I disagree with plaintiff's contention. While the language of Article 27 is not conclusive, when this section is viewed in light of the underlying policies it permits only the country in which the evidence is being sought to supplement unilaterally the convention procedures with its internal rules. To allow the forum court to supplement the convention with its own practices would not promote uniformity in the gathering of evidence nor generate a spirit of cooperation among signatories to the treaty.[2] Instead, each state would be free to replace the convention procedures with its own practices at will. Obviously, to permit one sovereign to foist its legal procedures upon another whose internal rules are dissimilar would run afoul of the interests of sound international relations and comity. *See Pierburg GmbH & Co. KG v. Superior Court,* 137 Cal.App.3d 238, 244, 186 Cal. Rptr. 876, 881 (1982); *Volkswagenwerk Aktiengesellschaft v. Superior Court,* 123 Cal. App.3d 840, 857, 176 Cal.Rptr. 874, 884 (1981).[3]

■ I am, of course, aware that the government of West Germany has declared

1. Pursuant to Article 33 of the convention, West Germany has declared that letters of request must be in the German language or be accompanied by a translation into that language.

2. The preamble to the convention identifies its dual purposes: (1) to facilitate the the transmission and execution of Letters of Request and to accommodate the different methods used for such actions; and (2) to improve mutual judicial cooperation in civil and commercial matters.

3. With all due respect, I disagree with the contrary conclusion reached by Judge Newcomer in *Lasky v. Continental Products,* 569 F.Supp. 1227 (E.D.Pa. July 20, 1983). Due to the principles of international comity discussed above, I believe that a party seeking evidence abroad must first attempt to obtain it pursuant to the Hague Evidence Convention, rather than by way of the Federal Rules of Civil Procedure.

that pursuant to Article 23 of the convention it will not execute letters of request issued in an effort to obtain pre-trial document discovery.[4]  However, this declaration is tempered by Article 9 which provides that German courts should seek to implement in good faith any legitimate discovery procedure that may be requested by this court.  *See Volkswagenwerk, supra,* 123 Cal.App.3d at 858, 176 Cal.Rptr. at 885.  Thus, once plaintiff proceeds in the manner set forth in the Hague Convention, it can be anticipated that the German authorities will fully cooperate in gathering the necessary evidence.  Of course, in the event that such efforts prove futile, further resort may be sought from this court.  As a corporation doing business in this jurisdiction, Hofler remains subject to any discovery orders that might issue.  But the proper exercise of judicial restraint requires that the avenue of first resort for plaintiff be the Hague Convention.[5]  *Id.* at 859, 176 Cal.Rptr. at 885.

In light of this disposition, I need not address defendant's objection that several of plaintiff's discovery requests are burdensome and overbroad.  However, in preparing its discovery requests to comply with the provisions of the Hague Convention, plaintiff should attempt to limit the information being sought to relate to those facts which are at issue.

---

**4.**  Article 23 states: "A Contracting State may at the time of signature, ratification or accession declare that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries."

**5.**  I find no merit in plaintiff's argument that Hofler is estopped from asserting the applicability of the Hague Convention because it served discovery requests upon plaintiff pursuant to the Federal Rules of Civil Procedure, rather than by the convention procedure.  The convention is at issue only when a litigant from a signatory country seeks evidence in another signatory country other than where the case is pending.  Hofler's request did not seek to take any evidence abroad.  It was directed to a party residing in the country where the litigation was initiated.